This is an action to recover damages for personal injuries which the plaintiff alleges he sustained through the negligence of the defendants, whose servant had parked a truck partially on the paved highway, with which truck plaintiff's car collided.
The plaintiff testified substantially that on the morning of his injury he was driving his automobile on the paved highway between South Hill, Va., and Wise, N.C. and going southward into the latter village. That the time was about five o'clock in the morning, and the weather was dark and foggy; that he was traveling about twenty-five miles an hour, having slowed down in order to pass a large truck coming in the opposite direction; that after passing this truck he discovered another truck, twenty to thirty feet away, parked partially on the paved highway in a diagonal position. The rear of this truck, he testifies, encroached upon the pavement so that the rear left wheel was about two feet thereon, the body of the truck projecting farther toward the center; that there were no lights on the parked car. Plaintiff testified that he attempted to avoid the collision but was unable to do so, and that, upon striking the rear end of the truck, his car was overturned and he was caught underneath the car and lay stretched out on the road; that after remaining in this condition for some time, shouting for help, some men arrived and attempted to extricate him; and while they were doing so, another car approached rapidly, and they were compelled to desist to prevent being run over; that the driver of this car managed to miss the plaintiff by running into a ditch, and plaintiff was finally extricated. He testifies that he sustained a severe and permanent injury which necessitated treatment and kept him in bed for a long time. He testified that with the lights on his car showing down the road through the fog he could see approximately fifty to seventy-five yards, maybe more; but that under the weather conditions existing that morning he could not exactly have seen an object 75 yards away, but did see well enough to drive safely; that he was unable to say by the aid of his lights how far he could see; that he could see for thirty yards under the foggy weather condition; that he did not think by keeping an ordinary lookout on the highway, conditions were such that with the aid of his lights he could have observed much on the highway at fifty yards unless it had been directly in front of him. He could not tell the exact number of yards or feet. He testified that by his best estimate he could clearly observe the place and location of objects by the aid of his own lights for a distance of about thirty yards.
W. C. Thacker testified that he lived nearby, heard the noise of the collision, went to the scene of trouble and helped to extricate Mr. Cole. He said he found the driver of the truck asleep and woke him up; that *Page 190 
the front wheels of the trailer part of the truck were clear off the concrete and the left rear wheels were on the concrete, 22 inches, besides the width of the dual wheels, from the edge, the body projecting over the wheels about six inches. He stated that the collision occurred in Wise, about fifty feet south of an intersecting highway, and that there were buildings along the highway — a church, service station, stores, and residences; that the concrete was 18 feet wide, with enough room on the road and shoulder for three cars to stand abreast beside the trailer — about twenty feet between the trailer and the east edge. The witness testified that there were parking lights on the front of the truck when he saw it, and that two tail lights were burning — one on the right-hand corner and the other in the center — and that the one on the left-hand corner had been broken off.
Eugene Fleming testified that he heard the report that Mr. Cole had been hurt and heard him calling for help; that it was still dark; that there was sufficient space for the truck to park on the right-hand side of the road without any of it being on the highway; that between the trailer and the east edge you could not have met a big truck on the highway; that the highway was perfectly level, wide open and straight. He said he could just see the form of the truck about fifty feet away — supposed he could have seen it three or four times that far with lights — did not see any lights burning on the truck, saw reflectors.
Elmore King testified that he was sleeping in the store on the opposite side of the highway and was awakened by the noise of the collision; that he went to the rescue of Mr. Cole; that there was sufficient parking space for the truck on the right-hand side off the highway; that there was about 16 feet of the highway, plus the shoulder, of clearance on the east side of the truck; that he could see the outline of the truck without lights 65, 70, or 75 feet away, and possibly with lights three times that far; that he saw one reflector still on the truck but did not recall the lights, except that one was broken off.
There was other evidence bearing on the nature and extent of the injury.
The motion of defendants for judgment of involuntary nonsuit was allowed.
It is a familiar rule that a judgment of involuntary nonsuit on the ground of contributory negligence of the plaintiff cannot be rendered unless the evidence is so clear on that issue that reasonable minds *Page 191 
could draw no other inference. Pearson v. Luther, 212 N.C. 412,193 S.E. 739; Mulford v. Hotel Co., 213 N.C. 603; Corum v. Tobacco Co.,205 N.C. 213, 171 S.E. 78. This rule has nothing to do with the credibility of witnesses. It applies equally to the testimony of the plaintiff as to that of other witnesses; Tomberlin v. Bachtel,211 N.C. 265, 268, 189 S.E. 769; Matthews v. Cheatham, 210 N.C. 592,188 S.E. 87; Smith v. Coach Line, 191 N.C. 589, 591, 132 S.E. 567; and he is entitled also to the benefit of the rule that upon a motion to nonsuit the evidence must be considered in the light most favorable to the plaintiff. Cole v. R. R., 211 N.C. 591, 191 S.E. 353; Lynch v.Telephone Co., 204 N.C. 252, 167 S.E. 847; Gilbert v. Wright,195 N.C. 165, 141 S.E. 577. Where the factors of decision are numerous and complicated, and especially where the opinions and estimates of witnesses play a prominent part, the court must exercise great care to avoid invading the province of the jury, when passing upon the conduct of the plaintiff and his ability, by the exercise of due care, to avoid the consequences of defendant's negligence. Practically every case must "stand on its own bottom."
We think there is a difference between the fact situation in the case at bar and that presented in Lee v. R. R., 212 N.C. 340, and Weston v. R.R., 194 N.C. 210, 139 S.E. 237, that would justify the submission of the evidence in this case to the jury, without impairing the authority of those cases. The evidence in this case cannot be said to point to the contributory negligence of the plaintiff with that clearness and singleness of inference which must obtain in order to justify the court in taking the case from the jury.
We refrain from comment on the evidence which might prejudice either party on a retrial.
The judgment of nonsuit is
Reversed.