ALBERT H. CLARKE v. WILLIAM MARTIN.

(Filed 12 April, 1939.)

**Automobiles § 18c: Negligence § 19b—Evidence held not to show contributory negligence as a matter of law.**

The evidence, considered in the light most favorable to plaintiff, tended to show that defendant parked his truck on the right side of the highway, partially on the hard surface thereof, in order to load lumber thereon before light on a foggy morning, that the truck had no red light on the rear but that a searchlight attached to the rear of the cab was casting its rays to the rear, and that plaintiff, driving his automobile about 25 miles per hour, approached the truck from the rear and failed to see the truck in time to avoid colliding with it, either by stopping or driving around it. *Held:* Defendant's motion to nonsuit on the ground of contributory negligence should have been denied upon authority of *Cole v. Koonce,* 214 N. C., 188.

APPEAL by plaintiff from *Warlick, J.,* at January Special Term, 1939, of CALDWELL. Reversed.

*Hal B. Adams and Pritchett, Strickland & Farthing for plaintiff, appellant.*
*Hunter Martin for defendant, appellee.*

SCHENCK, J. This is an action to recover damages for personal injuries alleged to have been proximately caused by the negligence of the defendant.

The evidence, when viewed in the light most favorable to the plaintiff, tended to show that about 6:30 o'clock a.m., on 30 December, 1937, the defendant parked his truck on the right side of a State Highway, partially on the hard surface thereof, in order to load lumber thereon; that it was still dark and a heavy fog enveloped the highway, that there was no red tail light on the rear of the truck, but a search light attached to the cab thereof was casting its rays to the rear of the truck; that the plaintiff, driving his automobile at about 25 miles per hour, approached the defendant's truck from the rear, and, failing to see the truck in time to avoid collision either by stopping or driving around, ran his automobile into the defendant's truck, resulting in injury to his person.

When the plaintiff had introduced his evidence and rested his case the court sustained the defendant's motion for nonsuit, C. S., 567, and signed judgment accordant therewith, from which judgment the plaintiff appealed, assigning error.

On the argument the defendant admitted that there was sufficient evidence to take the case to the jury on an issue of his negligence, but contended that the evidence establishes, as a matter of law, the plaintiff's contributory negligence, and for that reason the court was correct in granting the motion for judgment as of nonsuit.

The defendant, appellee, relies upon *Weston v. R. R.,* 194 N. C., 210, and *Lee v. R. R.,* 212 N. C., 340, and cases therein cited. The plaintiff, appellant, relies upon *Williams v. Express Lines,* 198 N. C., 193, and *Cole v. Koonce,* 214 N. C., 188, and cases therein cited. We are of the opinion, and so hold, that the instant case is governed by the *Williams* and the *Cole cases, supra,* and that his Honor erred in sustaining the motion and signing a judgment as of nonsuit.

The judgment of the Superior Court is
Reversed.