JOSEPH H. CHAFFIN v. C. W. BRAME.

(Filed 28 March, 1951.)

1. **Automobile § 8a—Duty of motorist to be able to stop within range of his lights.**

    The rule that a motorist traveling at nighttime must not exceed a speed at which he can stop within the distance that objects can be seen ahead of him on the highway is not a rule of thumb but requires of him only that he exercise that degree of care for his own safety which a reasonably prudent person would exercise in like circumstances and be able to stop before striking an object on the highway which he sees or should see in maintaining a proper lookout and attention to the road, but not that he should be able to bring his automobile to an immediate stop upon the sudden arising of a dangerous situation which he could not reasonably have anticipated, or require him to see that which is invisible to a person exercising due care.

2. **Negligence § 11—**

    A plaintiff cannot be guilty of contributory negligence unless he acts or fails to act with knowledge and appreciation, either actual or constructive, of the danger of injury which his conduct involves.

3. **Negligence § 9—**

    A person is not bound to anticipate negligent acts or omissions on the part of others, but in the absence of anything which gives or should give notice to the contrary, he is entitled to assume and to act upon the assumption that every other person will perform his duty and obey the law and that he will not be exposed to danger which can come to him only from the violation of duty or law by such other person.

4. **Automobiles § 18b—**

    A motorist traveling at nighttime may assume, until he has notice to the contrary, that no other motorist will permit his vehicle to move or stand on the highway without displaying the lights required by G.S. 20-129 (d), G.S. 20-134, that the driver of any truck disabled on the highway will display the red flares or lanterns required by G.S. 20-161 and that a motorist approaching from the opposite direction will seasonably dim his headlights as required by G.S. 20-181.

5. **Automobiles § 18h (3)—Evidence held not to show contributory negligence as a matter of law on part of motorist striking unlighted vehicle on highway at nighttime.**

    Plaintiff's evidence was to the effect that he was traveling at nighttime at a speed of about forty miles per hour, that upon being partially blinded by the undimmed lights of a vehicle approaching from the opposite direc-

tion, he substantially reduced his speed and blinked his lights as a signal to the approaching motorist, that the other motorist nevertheless failed to dim his lights so that plaintiff could not see defendant's truck, which was parked on the highway in his lane of travel without lights, until plaintiff passed the approaching vehicle some thirty feet before reaching the parked truck, and that immediately upon seeing the truck plaintiff attempted to avoid the collision by bearing to his left, but that the right side of his car struck the rear of the truck at a time when plaintiff's speed did not exceed twenty miles per hour, resulting in the injuries in suit. *Held:* The evidence fails to disclose contributory negligence as a matter of law on the part of plaintiff, and defendant's motion to nonsuit on this ground was properly refused.

**6. Pleadings § 22c—**

The trial court may allow an amendment, even after verdict, to make the pleading conform to the evidence when the amendment does not change the claim of plaintiff. G.S. 1-163.

APPEAL by defendant from *Gwynn, J.,* and a jury, at the January Term, 1951, of LINCOLN.

Civil action for damage inflicted upon plaintiff's moving automobile in collision with rear of defendant's truck, which was parked on highway at night without lights or warning signals.

These issues arose on the pleadings, and were submitted to the jury:

1. Was the plaintiff's automobile damaged by the negligence of the defendant, as alleged in the complaint?

2. If so, did the plaintiff, by his own negligence, contribute to his own damage, as alleged in the answer?

3. What damages, if any, is the plaintiff entitled to recover?

The jury answered the first issue "Yes," the second issue "No," and the third issue "$550.00." The court entered judgment for plaintiff on the verdict, and the defendant appealed, assigning errors.

*M. T. Leatherman, C. E. Leatherman, and J. Francis Paschal for plaintiff, appellee.*

*J. Laurence Jones and Sheldon M. Roper for defendant, appellant.*

ERVIN, J. The assignments of error raise these questions:

1. Did the court err in refusing to dismiss the action upon a compulsory nonsuit after all the evidence on both sides was in?

2. Did the court err in permitting the plaintiff to amend his complaint after verdict and before judgment?

We consider these questions in their numerical order.

There was sharp conflict in the testimony offered by the parties at the trial. We omit reference to the evidence adduced by the defendant because it is not necessary to an understanding of the questions arising

on the appeal. The plaintiff made out this case: At 9 p.m. on 8 March, 1950, plaintiff was driving his Ford car southward on Route 18, a paved highway 18 feet wide, in Wilkes County, North Carolina. Defendant's truck was parked upon the right side of the highway without lights or warning signals. It was headed southward, blocked the entire right traffic lane, and virtually blended with the darkness of the night. As plaintiff neared the Dodge truck at a rate not exceeding 40 miles an hour, he met a passenger automobile driven by one Garland, which was proceeding northward along the highway at an extremely low speed, and which was displaying glaring and undimmed headlights. Plaintiff tilted the beams of his front lamps downward. When plaintiff came within 200 feet of the Dodge truck, he was partially blinded by the glaring and undimmed headlights on the approaching automobile driven by Garland. He forthwith substantially reduced the speed of his car, and signaled his discomfiture to Garland by blinking his lights. Despite this, Garland failed to dim his headlights. As a consequence of the unlighted state of the parked truck and the partial blindness induced by the glaring and undimmed headlights confronting him, plaintiff could not see defendant's truck until his car passed the headlights of the Garland automobile. At that time the truck was only 30 feet away. Plaintiff attempted to avoid the collision by veering to the left side of the highway, but the right side of his car struck the rear of the truck and sustained damage. The plaintiff's speed did not exceed 20 miles an hour at the instant of impact. The defendant admitted shortly after the accident that his negligence caused the collision.

The defendant concedes that the evidence indicating that he parked his truck on the traveled portion of the highway at night without displaying lights or warning signals is sufficient to establish actionable negligence on his part. He contends, however, that plaintiff was guilty of contributory negligence as a matter of law because he did not so control his car as to be able to stop within the range of his lights.

To sustain his position, the defendant invokes the long line of cases beginning with *Weston v. R. R.*, 194 N.C. 210, 139 S.E. 237, and ending with *Marshall v. R. R., ante,* 38, 62 S.E. 2d 489, declaring either expressly or impliedly that "it is negligence as a matter of law to drive an automobile along a public highway in the dark at such a speed that it cannot be stopped within the distance that objects can be seen ahead of it."

The rationale of these cases was considered in *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377, where this elucidation appears: "Few tasks in trial law are more troublesome than that of applying the rule suggested by the foregoing quotation to the facts in particular cases. The difficulty is much enhanced by a tendency of the bench and bar to regard

it as a rule of thumb rather than as an effort to express in convenient formula for ready application to a recurring factual situation the basic principle that a person must exercise ordinary care to avoid injury when he undertakes to drive a motor vehicle upon a public highway at night. The rule was phrased to enforce the concept of the law that an injured person ought not to be permitted to shift from himself to another a loss resulting in part at least from his own refusal or failure to see that which is obvious. But it was not designed to require infallibility of the nocturnal motorist, or to preclude him from recovery of compensation for an injury occasioned by collision with an unlighted obstruction whose presence on the highway is not disclosed by his own headlights or by any other available lights. When all is said, each case must be decided according to its own peculiar state of facts. This is so because the true and ultimate test is this: What would a reasonably prudent person have done under the circumstances as they presented themselves to the plaintiff?"

It thus appears that the cases invoked by the defendant enunciate no mere shibboleth. They simply apply to the factual situations involved in them the fundamental truth that the law charges every person with the duty of exercising ordinary care for his own safety.

Since the nocturnal motorist is subject to this universal duty, his conduct on a given occasion must be judged in the light of the general principle that the law does not require a person to shape his behavior by circumstances of which he is justifiably ignorant, and the resultant particular rule that a plaintiff cannot be guilty of contributory negligence unless he acts or fails to act with knowledge and appreciation, either actual or constructive, of the danger of injury which his conduct involves. *Patterson v. Nichols,* 157 N.C. 406, 73 S.E. 202.

The duty of the nocturnal motorist to exercise ordinary care for his own safety does not extend so far as to require that he must be able to bring his automobile to an immediate stop on the sudden arising of a dangerous situation which he could not reasonably have anticipated. Any such requirement would be tantamount to an adjudication that it is negligence to drive an automobile on a highway in the nighttime at all. The law simply decrees that a person operating a motor vehicle at night must so drive that he can stop his automobile or change its course in time to avoid collision with any obstacle or obstruction whose presence on the highway is reasonably perceivable to him or reasonably expectable by him. It certainly does not require him to see that which is invisible to a person exercising ordinary care.

It is a well established principle in the law of negligence that a person is not bound to anticipate negligent acts or omissions on the part of others; but in the absence of anything which gives or should give notice to the contrary, he is entitled to assume and to act upon the assumption

that every other person will perform his duty and obey the law and that he will not be exposed to danger which can come to him only from the violation of duty or law by such other person.  *Gaskins v. Kelly,* 228 N.C. 697, 47 S.E. 2d 34; *Cummins v. Fruit Co.,* 225 N.C. 625, 36 S.E. 2d 11; *Hobbs v. Coach Co.,* 225 N.C. 323, 34 S.E. 2d 211; *Cab Co. v. Sanders,* 223 N.C. 626, 27 S.E. 2d 631; *Tarrant v. Bottling Co.,* 221 N.C. 390, 20 S.E. 2d 565; *Murray v. R. R.,* 218 N.C. 392, 11 S.E. 2d 326; *Hancock v. Wilson,* 211 N.C. 129, 189 S.E. 631; *Jones v. Bagwell,* 207 N.C. 378, 177 S.E. 170; *Shirley v. Ayers,* 201 N.C. 51, 158 S.E. 840; *Wilkinson v. R. R.,* 174 N.C. 761, 94 S.E. 521; *Wyatt v. R. R.,* 156 N.C. 307, 72 S.E. 383.

The task of applying these legal principles to the instant case must now be performed.

When the plaintiff undertook to drive his automobile on the public highway during the nighttime, he had the right to act upon the following assumptions until he had notice to the contrary : (1) That no other motorist would permit a motor vehicle either to move or to stand on the highway without displaying thereon a lamp projecting a red light visible under normal atmospheric conditions from a distance of five hundred feet from its rear, G.S. 20-129 (d), 20-134; (2) that the driver of any truck becoming disabled on the highway after sundown would display red flares or lanterns at least two hundred feet to the rear of the disabled truck as a warning to approaching motorists of the impending peril, G.S. 20-161; and (3) that whenever he met another motor vehicle traveling in the opposite direction, its driver would seasonably dim its headlights and not persist in projecting a glaring light into his eyes, G.S. 20-181.

When the plaintiff's evidence is taken in the light most favorable to him, it reasonably warrants these inferences : The plaintiff was keeping a proper lookout and driving at a reasonable speed as he traveled southward along Route 18.  On being partially and temporarily blinded by the glaring lights of Garland's approaching automobile, the plaintiff reduced the speed of his car, and proceeded with extreme caution.  The plaintiff exercised due care in adopting this course of action instead of bringing his car to a complete stop because he reasonably assumed that Garland would seasonably dim his headlights in obedience to the law, and thus restore to the plaintiff his full normal vision.  The plaintiff had no reason whatever to anticipate or expect that the defendant's truck had been left standing on the traveled portion of the highway ahead of him without lights or warning signals until his car came within 30 feet of it.  He did everything possible to avert the collision just as soon as the truck became visible.

This being true, we cannot hold that the plaintiff was guilty of contributory negligence as a matter of law. This conclusion finds full support in these decisions: *Thomas v. Motor Lines, supra; Cummins v. Fruit Co., supra; Leonard v. Transfer Co.,* 218 N.C. 667, 12 S.E. 2d 729; *Clarke v. Martin,* 215 N.C. 405, 2 S.E. 2d 10; *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637; *Williams v. Express Lines,* 198 N.C. 193, 151 S.E. 197.

The amendment to the complaint made the pleading conform to the evidence, and did not change the claim of the plaintiff. Its allowance was, therefore, permissible under the statutory provision that "the judge . . . may, before and after judgment, in furtherance of justice, . . . amend any pleading . . . when the amendment does not change substantially the claim or defense, by conforming the pleading . . . to the fact proved." G.S. 1-163.

There is in law

No error.