MRS. SARAH CROWELL McCLAMROCK v. WHITE PACKING COMPANY,
A Corporation,
and
JOHN W. McCLAMROCK, JR., v. WHITE PACKING COMPANY, A
Corporation.

(Filed 25 November, 1953.)

**1. Negligence § 19c—**

Since defendant has the burden of proof on the issue of contributory negligence, nonsuit for contributory negligence can be rendered only when but a single inference, leading to that conclusion, can be drawn from the evidence.

**2. Automobiles §§ 8d, 18h (3)—**

Whether a driver colliding with the rear of an unlighted vehicle stopped on the highway at night is guilty of contributory negligence barring recovery as a matter of law must be determined in each case upon consideration of the concurrent circumstances, such as fog, smoke, rain, glaring lights, color of vehicles and road surface.

**3. Same—Whether plaintiff was guilty of contributory negligence in colliding with rear of unlighted vehicle on highway held for jury.**

The evidence considered in the light most favorable to plaintiff tended to show that she was driving at night on an asphalt road at a lawful rate of speed, that a car traveling in the opposite direction had just pulled out of the ditch on her left side of the road so that its bright lights shown across the highway and directly on her car, that the driver of this car dimmed his lights and she in turn dimmed hers, and the cars passed in safety, but that some fifty feet after passing she struck the rear of a truck. The evidence further tended to show that the truck had stopped near the center of the highway, without lights or flares, to push a stalled car, which had its lights burning, and also that the rear of the truck and its load were of dark color. *Held:* Nonsuit on the ground of contributory negligence was improperly granted, since more than a single inference may be drawn from the evidence upon the issue.

APPEAL by plaintiffs from *Nettles, J.,* February Term, 1953, of ROWAN. Reversed.

Separate actions by Mrs. Sarah Crowell McClamrock and her husband John W. McClamrock, Jr., to recover damages for personal injury in the one case, and for medical and hospital expenses incurred by the husband in the other case, were consolidated for trial. It was alleged that the injuries complained of were caused by the negligence of the defendant in leaving standing on the highway an unlighted truck.

The plaintiffs offered evidence tending to show that 30 November, 1950, about 7:30 or 8:00 p.m., the defendant's truck operated by its employees in the scope of their employment had been stopped on the paved highway leading from Woodleaf to Salisbury for the purpose of pushing

or starting a stalled Chevrolet sedan. The headlights of the Chevrolet sedan were burning. This automobile and the defendant's truck immediately behind it were headed toward Salisbury and were about in the center of the highway. No lights were observed on the truck. A witness, Phil C. Hellard, driving a Studebaker automobile, approached from the direction of Salisbury. Hellard, to avoid the automobile and truck in the center of the highway, pulled off to his right into the ditch, and, after he had passed the stopped vehicles, turned to his left back onto the highway, with his bright lights burning, and then saw the lights of an approaching automobile (later ascertained to be that being driven by plaintiff Mrs. McClamrock), proceeding in the opposite direction. Hellard dimmed his lights and she dimmed hers as they passed some 50 feet from the truck. Hellard looked back after passing and saw her rear light flash and heard the noise as her automobile struck the rear of the truck. Hellard testified her lights blinded him, and he dimmed his and she dimmed hers. He said at that time he was less than 50 feet beyond the rear of the truck. "It (her automobile) was so close to me that her lights blinded me. That is why I called for her dims. . . . We were almost face to face there. We passed immediately. My lights were still on bright when I first saw that car. My lights were shining on her car. Her car was on her right side of the highway." This witness testified he went back to the scene of the collision and saw no rear light on the truck, nor were there reflectors on the rear of the truck or flares. A dark channel iron was used for a rear bumper. He also testified he first saw the light of plaintiffs' automobile when he turned back into the road 100 feet away, that he passed her 50 feet from the truck, and driving slowly had traveled 20 or 25 feet when he saw her brake lights come on just before the collision. The defendant's truck was dark in color and was loaded with stumps. The highway was paved with asphalt. It was alleged the left front bumper and left front fender of plaintiffs' automobile collided with the rear bumper and body of the truck, demolishing the front of plaintiffs' automobile. As result of the collision plaintiff Mrs. McClamrock sustained an injury to her brain which caused retrograde amnesia so that she was unable to remember anything that occurred after she left her home some minutes before the collision. She was seriously injured as result of the collision, and her husband was caused thereby to incur substantial expense for medical and hospital care.

At the close of plaintiffs' evidence the defendant's motion for judgment of nonsuit was allowed, and the plaintiffs appealed.

*Linn & Shuford for plaintiffs, appellants.*
*Woodson & Woodson and Carpenter & Webb for defendant, appellee.*

Devin, C. J. As the plaintiffs undoubtedly offered evidence tending to show that the defendant was negligent on this occasion, the judgment of nonsuit must be interpreted as having been based on the theory of the contributory negligence of the plaintiff Mrs. McClamrock.

The burden of proof upon the issue of contributory negligence is upon the defendant; hence it is the settled rule in this jurisdiction that judgment of nonsuit on this ground can be rendered only when a single inference, leading to that conclusion, can be drawn from the evidence. *Lyerly v. Griffin,* 237 N.C. 686, 75 S.E. 2d 730; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Hampton v. Hawkins,* 219 N.C. 205, 13 S.E. 2d 227; *Harrison v. R. R.,* 194 N.C. 656, 140 S.E. 598.

It was said in *Moseley v. R. R.,* 197 N.C. 628 (635), 150 S.E. 184, "A serious and troublesome question is continually arising as to how far a court will declare certain conduct of a defendant negligence and certain conduct of a plaintiff contributory negligence and take away the question of negligence and contributory negligence from the jury." As was pointed out by *Chief Justice Stacy* in *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251, the question of contributory negligence in cases growing out of rear-end collisions at night with unlighted trucks on the highway is frequently fraught with difficulty. The line of demarcation is not always easy to be drawn between those cases controlled by the doctrine announced in *Weston v. R. R.,* 194 N.C. 210, 139 S.E. 237, where the speed at which the plaintiff drives his automobile exceeds the radius of his lights, and those cases where unusual circumstances tend to affect the determination of the question of reasonable prudence as applied to the exigencies of the occasion, and to carry the case to the jury.

As illustrating the application of the rule in *Weston v. R. R., supra,* we note the following cases in which nonsuit on the ground of contributory negligence was upheld: *Morgan v. Cook,* 236 N.C. 477, 73 S.E. 2d 296; *Morris v. Transport Co.,* 235 N.C. 568, 70 S.E. 2d 845; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355; *Bus Co. v. Products Co.,* 229 N.C. 352, 49 S.E. 2d 623; *McKinnon v. Motor Lines,* 228 N.C. 132, 44 S.E. 2d 735; *Caulder v. Gresham,* 224 N.C. 402, 30 S.E. 2d 312; *Allen v. Bottling Co.,* 223 N.C. 118, 25 S.E. 2d 388; *Pike v. Seymour,* 222 N.C. 42, 21 S.E. 2d 884; *Austin v. Overton,* 222 N.C. 89, 21 S.E. 2d 887; *Beck v. Hooks,* 218 N.C. 105, 10 S.E. 2d 608; *Lee v. R. R.,* 212 N.C. 340, 193 S.E. 395.

On the other hand there are numerous decisions of this Court where the evidence, tending to show some unusual or unexpected condition affecting the question of reasonable prudence on the part of the driver, has been held sufficient to present a case for the jury. Among those we note: *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377; *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793; *Cummins v. Fruit Co.,* 225 N.C. 625, 36 S.E. 2d 11; *Leonard v.*

*Transfer Co.,* 218 N.C. 667, 12 S.E. 2d 729; *Clarke v. Martin,* 215 N.C. 405, 2 S.E. 2d 10; *Page v. McLamb,* 215 N.C. 789, 3 S.E. 2d 275; *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637; *Williams v. Express Lines,* 198 N.C. 193, 151 S.E. 197.

Without attempting to analyze and distinguish the reasons underlying the decisions in those cases which we have cited, they illustrate the fact that frequently the point of decision was affected by concurrent circumstances, such as fog, smoke, rain, glaring lights, color of vehicles and road surface in the night, and that these conditions must be taken into consideration in determining the questions of contributory negligence and proximate cause.

Where the factors of decisions are numerous and complicated it is difficult to draw a definite and satisfactory line of distinction. As was said by *Justice Seawell* in *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637, "Practically every case must stand on its own bottom."

It may be noted that the Legislature by Ch. 1145, Session Laws 1953, added to subsection (e), G.S. 20-141, a clause which provides that the failure to stop within the radius of the driver's lights should not be considered negligence *per se* but that the facts relating thereto should be considered with other facts in determining the negligence or contributory negligence of the driver. However, as this act was ratified 29 April, 1953, it does not affect the present action.

Did the plaintiff Mrs. McClamrock in the case at bar outrun her headlights, and must her failure to observe defendant's truck standing on the highway in time to avoid the collision be held to constitute contributory negligence on her part as a matter of law?

Here the testimony of plaintiffs' witness Hellard would seem to absolve Mrs. McClamrock of the imputation of excessive speed. The plaintiffs' evidence, considered in the light most favorable for them, tended to show that the bright lights of this witness' automobile as it moved in and out of the ditch and onto the highway shone across the highway and directly on the automobile of Mrs. McClamrock, and caused cross-signals for dimming lights to be exchanged, while these two automobiles were within a short distance of the defendant's unlighted truck standing in the center of the highway. While the headlights of the Chevrolet sedan in front of the truck were burning, these did not have the effect of outlining the rear of the unlighted truck two car lengths back toward which plaintiffs' automobile was being driven. Considering these circumstances as they were likely to affect her outlook for other objects in front of her, together with the concomitant circumstances of the dark color of the unlighted truck and the blackness of the pavement which blended with the shadows of the night, we think the question of Mrs. McClamrock's contributory negligence was a matter for the jury. Whether Mrs. McClamrock acted with

the care of a reasonably prudent person under the circumstances on this occasion involves consideration of evidence from which more than a single inference may be drawn, and hence must be left to the triers of the facts. In reaching this conclusion we have considered only the plaintiffs' evidence and in the light most favorable for them, as we must do on a motion of this nature. This evidence, we hold, is sufficient to survive the motion for nonsuit. On the trial the defendant's evidence may present a different picture.

The judgment allowing the motion to nonsuit and dismissing the action is

Reversed.