DONALD D. PRIVETTE v. ROBERT W. LEWIS.

(Filed 8 November, 1961.)

1. Automobiles § 7—

A nocturnal motorist, like every other, is charged with the duty of exercising ordinary care for his own safety and will be held to the duty of seeing that which he ought to see in maintaining a proper lookout in his direction of travel, but he will not be held to the duty of being able to bring his automobile to an immediate stop on the sudden arising of a dangerous situation which he could not have reasonably anticipated.

2. Automobiles § 10—

The fact that a motorist is not required to anticipate that an automobile will be stopped on the highway ahead of him at night without lights or warning signal required by statute, does not relieve him of the duty of exercising reasonable care for his own safety, of keeping a proper lookout, and of proceeding as a reasonably prudent person would under the circumstances to avoid collision with the rear of a vehicle stopped or standing on the road.

3. Automobiles § 42—

Whether a motorist is guilty of contributory negligence in hitting the rear of another vehicle stopped on the highway in his lane of travel at nighttime without lights must be determined with regard to the facts of each particular case, taking into consideration any evidence of concurrent circumstances, such as fog, rain, glaring headlights, color of vehicles, traffic, etc.

4. Same—

Evidence tending to show that plaintiff was traveling at nighttime in heavy traffic so that he had his headlights on dim, that he had passed

a truck, then entered a curve, passing two or three automobiles, and then saw defendant's car standing in his lane of travel some 25 or 30 feet away, that defendant's car had no rear lights burning and no glass reflectors on its rear and no flares set out, and that plaintiff applied his brakes immediately upon seeing defendant's car but could not stop in time to avoid collision, *is held* not to establish contributory negligence on plaintiff's part as a matter of law.

APPEAL by defendant from *Sharp, S.J.,* Special February Civil Term 1961 of WAKE.

Civil action to recover for damages to an automobile. Defendant in his answer denies any negligence on his part, pleads a counterclaim for damages to his automobile, and further pleads contributory negligence of plaintiff as a defense.

The case was heard by Judge Sharp sitting without a jury — a jury trial having been expressly waived by all parties. G.S. 1-184.

Judge Sharp answered the issues to the effect that plaintiff's automobile was damaged by the negligence of the defendant as alleged in his complaint, that plaintiff was not guilty of contributory negligence, and that he was entitled to recover from defendant for damages to his automobile in the sum of $650.00.

From a judgment in accord with the verdict, defendant appeals.

*Teague, Johnson and Patterson By: Ronald C. Dilthey for plaintiff, appellee.*

*Fletcher, Lake & Boyce By: G. Eugene Boyce and Arendell, Albright & Green By: Ted R. Reynolds for defendant, appellant.*

PARKER, J.　Plaintiff's evidence shows the following facts:

About 11:00 p.m. o'clock on 5 February 1958 he was driving his automobile around 40 to 45 miles an hour north on U. S. Highway #1 about two miles north of the city limits of Raleigh and about one mile north of the Westinghouse plant. The highway at this place is a two lane paved road. Plaintiff met several automobiles, traffic was heavy, and he had his headlights on dim. Plaintiff passed a truck, and entering a curve passed two or three automobiles, and then saw 25 or 30 feet ahead of him standing still on the highway in his lane of traffic an automobile with no rear lights burning and no glass reflector on its rear and no flares set out. The stopped automobile was a station wagon and belonged to defendant, who had driven it there and stopped it on the highway. As soon as plaintiff saw this stopped automobile he applied his brakes, but could not avoid colliding with its rear end. There at the scene defendant told plaintiff: "Well, I just come out from Corbett's. . . . I stopped, I was confused, was supposed to go

back to Raleigh and I headed north when I came out of the driveway and was waiting to find where I was, so as to go back to Raleigh. . . . We had a little party out there, and I think I had a little too much to drink." Defendant had a strong odor of alcohol on his breath.

Defendant assigns as error the denial of his motion for judgment of nonsuit made at the close of all the evidence. In his brief he presents this one question for decision: "Conceding the negligence of the defendant herein, does the plaintiff's own evidence show contributory negligence as a matter of law?"

A nocturnal motorist, like every other person, is charged with the duty of exercising ordinary care for his own safety. *Chaffin v. Brame*, 233 N.C. 377, 64 S.E. 2d 276. It is written in the *Chaffin* case: "The duty of the nocturnal mortorist to exercise ordinary care for his own safety does not extend so far as to require that he must be able to bring his automobile to an immediate stop on the sudden arising of a dangerous situation which he could not reasonably have anticipated. Any such requirement would be tantamount to an adjudication that it is negligence to drive an automobile on a highway in the nighttime at all."

In *Wall v. Bain*, 222 N.C. 375, 23 S.E. 2d 330, it is said: "It is the duty of the driver of a motor vehicle not merely to *look*, but to *keep an outlook* in the direction of travel; and he is held to the duty of seeing what he ought to have seen."

Plaintiff was not required to foresee or anticipate that an automobile would be stopped on the highway ahead of him at night without lights or the warning signals of danger required by statute, but this did not relieve him of the duty of exercising reasonable care for his own safety, of keeping a proper lookout, and of proceeding as a reasonably prudent person would under the circumstances to avoid collision with the rear end of a motor vehicle stopped or standing on the road ahead. *Weavil v. Trading Post*, 245 N.C. 106, 95 S.E. 2d 533; *Dawson v. Transportation Co.*, 230 N.C. 36, 51 S.E. 2d 921; *Tyson v. Ford*, 228 N.C. 778, 47 S.E. 2d 251; Strong's N. C. Index, Vol. I, Automobiles, § 10.

A serious and troublesome question is continually arising as to how far a court will go in declaring certain conduct of a plaintiff contributory negligence, and take away the question of contributory negligence from the jury. *Carrigan v. Dover*, 251 N.C. 97, 110 S.E. 2d 825.

There are two lines of decisions in our Reports involving highway accidents, which turn on the question of contributory negligence. In *Tyson v. Ford, supra,* and in *McClamrock v. Packing Co.*, 238 N.C. 648, 78 S.E. 2d 749, will be found a list of cases of this type, in which in the first line contributory negligence has been held as a matter of

law to bar recovery, and in the second line contributory negligence has been held to be an issue for the jury.

Without attempting to analyze and distinguish the reasons underlying the decisions in those cases, they illustrate the fact that frequently the point of decision was affected by concurrent circumstances, such as fog, rain, glaring headlights, color of vehicles, etc., and that these conditions must be taken into consideration in determining the question of contributory negligence and proximate cause. "Practically every case must 'stand on its own bottom.'" *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637.

When we consider the traffic plaintiff was meeting and the heavy traffic on the highway and all the concurrent circumstances then and there present, it is our opinion that the facts necessary to show contributory negligence are not established so clearly by plaintiff's own evidence that no other conclusion can be reasonably drawn therefrom. *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360. "Only when plaintiff proves himself out of court is he to be nonsuited on the evidence of contributory negligence." *Lincoln v. R. R.,* 207 N.C. 787, 178 S.E. 601. We think the facts of the instant case bring it within the second line of decisions above referred to, which hold that contributory negligence was an issue for a jury.

Judge Sharp properly overruled defendant's motion for judgment of nonsuit made at the close of all the evidence. No reason has been shown which would justify disturbing the trial below.

Affirmed.