FAY HOLBROOK BASS v. JOHN OLIVER McLAMB AND MARILYN S. McLAMB.

(Filed 2 November, 1966.)

**1. Automobiles § 41e—**

Evidence that defendant was sitting in his car in a snow storm, that the car was standing in the ruts in the snow for traffic going in his direction and was covered with snow, and that defendant took no precaution to warn travelers of the presence of his car, *is held* sufficient to be submitted to the jury on the issue of negligence proximately causing an accident when plaintiff's vehicle collided with the rear of defendant's vehicle.

**2. Automobiles § 10—**

Where a motorist is traveling within the statutory speed limit, G.S. 20-141(b), his failure to stop his vehicle within the radius of his lights or the range of his vision will not be held for negligence or contributory negligence *per se,* but is only evidence to be considered with other circumstances in the case. G.S. 20-141(e).

**3. Negligence § 26—**

Nonsuit for contributory negligence is proper only when plaintiff's own evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion can be reasonably drawn therefrom.

**4. Automobiles § 42d— Evidence held not to show contributory negligence as matter of law in hitting rear of vehicle covered with snow stopped on highway.**

Plaintiff's evidence tending to show that she was driving in a snow storm in ruts made by other vehicles on the highway, that she could see a distance of from one to four car lengths, depending on the wind, that her maximum speed was 20 miles per hour, that her windshield wipers were operating and her lights were on, and that she suddenly came upon a vehicle standing in the ruts and covered with snow three or four car lengths in front of her, and was unable to stop before colliding with the rear of the vehicle, *is held* not to disclose contributory negligence as a matter of law, it being for the jury to determine whether plaintiff operated her automobile at a speed greater than was reasonable under the circumstances, failed to keep the vehicle under proper control, or failed to maintain a reasonable lookout.

APPEAL by plaintiff from *Peel, J.,* January 19, 1966 Civil Session of WILSON.

Plaintiff instituted this action to recover compensation for personal injuries resulting from a collision between the motor vehicle operated by her and a 1959 Plymouth automobile owned by Marilyn S. McLamb, which was operated by and in the control of the defendant John Oliver McLamb.

The plaintiff offered evidence tending to show that on 26 February 1963, plaintiff was employed at the Wilson Clinic, Wilson, North Carolina. Snow started to fall about noon on that date, and she left work at about 4:00 o'clock P.M. in order to return to her home at Lucama at an earlier hour than usual because of the inclement weather. She proceeded toward her home in a southerly direction on Highway 301. The highway was covered with snow, and she traveled in "ruts" made by other automobiles. Her visibility was such that she could see a distance of from one to four car lengths, depending on the wind. Her maximum speed was 20 miles per hour; her windshield wipers were operating; and either her headlights or parking lights were on.

Plaintiff testified in pertinent part as follows: "All at once this outline of a car loomed up in front of me and about that time a gust

of wind blew the snow in front of me. I tried to turn out. The car would not turn. I applied my brakes and the car would not stop. The car I saw was covered with snow and had no burning lights. It was stopped in the ruts of other cars right where I had been traveling. I drove slow and easy. I took my foot off the accelerator when the gust of snow came up and traveled three or four car lengths before I saw the car. My car was slowing down. When I applied brakes the car skidded and hit the parked automobile."

There was testimony from the highway patrolman who investigated the accident that he drove from Wilson to the scene of the accident in the late afternoon shortly after it occurred. He did not need or have chains on his car at that time. He drove about 20 to 25 miles and hour and "wouldn't want to go much faster than 25 miles an hour as the top safe speed." The patrolman testified that although it was darker than usual, it was not dark enough to require headlights. He further stated that when he arrived at the scene, the defendant was sitting in his automobile; he had the odor of alcohol about him; and in his opinion the defendant was intoxicated. At the point where he found the automobiles involved in the collision, the road was straight for some distance, traveling north and south, and there was a dip at a point just before the place of the collision.

Other evidence showed there were no lights or other means of warning to indicate the defendant's car was stopped in the ruts of the road, and that the car was covered with snow.

At the conclusion of plaintiff's evidence the trial court allowed defendants' motion for judgment as of nonsuit. The plaintiff appealed, assigning error.

*Gardner, Connor & Lee, by David M. Connor for plaintiff, appellant.*

*J. R. Barefoot and Lucas, Rand, Rose and Morris by Z. Hardy Rose for defendants, appellees.*

BRANCH, J. There are two questions for determination by the Court: (1) Does the evidence offered by the plaintiff make out a case of actionable negligence against the defendants? (2) Does the plaintiff's evidence, considered in the light most favorable to her, show that she was contributorily negligent as a matter of law?

Appellees do not seriously argue the question of whether there is sufficient evidence offered by the plaintiff to make out a case of actionable negligence against the defendants. However, we might observe in passing that our Court in the case of *Saunders v. Warren,* 267 N.C. 735, 149 S.E. 2d 19, held: " 'The operator of a standing or parked vehicle which constitutes a source of danger to other users

of the highway is generally bound to exercise ordinary or reasonable care to give adequate warning or notice to approaching traffic of the presence of the standing vehicle, and such duty exists irrespective of the reason for stopping the vehicle on the highway. So the driver of the stopped vehicle must take such precautions as would reasonably be calculated to prevent injury, whether by the use of lights, flags, guards, or other practical means, and failing to give such warning may constitute negligence. * * *' 60 C.J.S., Motor Vehicles, § 325, pp. 779, 780; *Mullis v. Pinnacle Flour & Feed Co.,* 152 S.C. 239, 149 S.E. 329."

The record discloses sufficient evidence to allow submission to the jury of the issue of actionable negligence of the defendants.

We must therefore determine the principal question presented for decision: Does the plaintiff's evidence, considered in the light most favorable to her, show that she was contributorily negligent as a matter of law?

The General Assembly of 1953 amended G.S. 20-141(e) by adding thereto the proviso "that the failure or inability of a motor vehicle operator who is operating such vehicle within the maximum speed limits described by G.S. 20-141(b) to stop such vehicle within the radius of the lights thereof or within the range of his vision shall not be considered negligence *per se* or contributory negligence *per se* in any civil action, but the facts relating thereto may be considered with other facts in such action in determining the negligence or contributory negligence of such operator."

The appellees contend, with merit, that the provisions of this section do not dispense with the duty of the operator of a motor vehicle to operate the motor vehicle with due care.

This Court interpreted this amendatory act in the case of *Burchette v. Distributing Co.,* 243 N.C. 120, 90 S.E. 2d 232, where Winborne, J. (later C.J.), speaking for the Court, said: ". . . if the driver of a motor vehicle who is operating it within the maximum speed limits prescribed by G.S. 20-141(b) fails to stop such vehicle within the radius of the lights of the vehicle or within the range of his vision, the courts may no longer hold such failure to be negligence *per se,* or contributory negligence *per se,* as the case may be, that is, negligence or contributory negligence, in and of itself, but the facts relating thereto may be considered by the jury, with other facts in such action in determining whether the operator be guilty of negligence, or contributory negligence, as the case may be. However, this provision does not apply if it is admitted, or if all the evidence discloses, that the motor vehicle was being operated in excess of the maximum speed limit under the existing circumstances as prescribed under G.S. 20-141(b)."

There was no evidence that the vehicle operated by plaintiff exceeded the maximum speed limit prescribed by G.S. 20-141(b). Therefore, the mere failure to see the snow-covered automobile on the highway in time to avoid the collision is not sufficient to support conclusively the defendants' allegations of contributory negligence. We must look to the record for other evidence to determine whether plaintiff failed to act with reasonable prudence.

"One is not negligent *per se* in driving an automobile on a highway covered with snow or ice. . . . The skidding of an automobile is not in itself, and without more, evidence of negligence." *Wise v. Lodge,* 247 N.C. 250, 100 S.E. 2d 677.

We recognize the well-established rule that "A motion for judgment of nonsuit on the ground of contributory negligence will be granted only when plaintiff's own evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion can be reasonably drawn therefrom." *Johnson v. Thompson, Inc.,* 250 N.C. 665, 110 S.E. 2d 306.

There are two lines of decisions in our Reports involving highway accidents, which turn on the question of contributory negligence. See *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251, and *McClamrock v. Packing Co.,* 238 N.C. 648, 78 S.E. 2d 749. One line of decisions holds that contributory negligence as a matter of law bars recovery, and the other line holds that contributory negligence is an issue for the jury. In examining these cases we find that they primarily turn on factual differences.

Parker, J. (now C.J.), speaking for the Court in the case of *Privette v. Lewis,* 255 N.C. 612, 122 S.E. 2d 381, in reference to these two lines of authority, stated: "Without attempting to analyze and distinguish the reasons underlying the decisions in those cases, they illustrate the fact that frequently the point of decision was affected by concurrent circumstances, such as fog, rain, glaring headlights, color of vehicles, etc., and that these conditions must be taken into consideration in determining the question of contributory negligence and proximate cause. 'Practically every case must "stand on it own bottom. (Citing cases).'''"

In a *per curiam* opinion in the case of *Montford v. Gilbhaar,* 265 N.C. 389, 144 S.E. 2d 31, where plaintiff drove into a cable extending across the highway from a tow-truck to a wrecked car, which cable was difficult to see because of light and color, the Court held: "It is a jury question whether plaintiff operated his automobile at a speed greater than was reasonable and prudent under the circumstances, failed to keep his vehicle under proper control, or failed to maintain a reasonable lookout and should have seen the cable under prevailing weather conditions, *and the similarity of the*

*color of the cable and the road.* Nonsuit on the issue of contributory negligence should be denied when opposing inferences are permissible from plaintiff's proofs." (Emphasis added)

There was a similar factual situation in the case of *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377, where there was evidence tending to show that a tractor was standing on its right of the highway with headlights shining down its lane of travel, but the trailer was cross-ways on the highway, without lights burning. The driver of a car approaching from the opposite direction had his headlights tilted down to avoid blinding motorists traveling in the opposite direction. He did not see the unlighted trailer in time to avoid the collision because the night was dark, rain and sleet were falling, and the trailer was spattered with mud, covered with sleet, or blended with the surrounding darkness. The evidence was held sufficient to warrant the jury's finding that the driver of the car acted as a reasonably prudent person and, therefore, to justify denial of motion to nonsuit on the ground of contributory negligence.

We are cognizant of the recognized law that a motorist is not required to anticipate that an automobile will be stopped on the highway ahead of him at night, without lights or warning signals required by statute, but this does not relieve him of the duty of exercising reasonable care for his own safety, of keeping a proper lookout, and proceeding as a reasonably prudent person would under the circumstances to avoid a collision with the rear of a vehicle stopped or standing on the road. *Privette v. Lewis, supra.*

It is a jury question whether plaintiff operated the automobile at a speed greater than was reasonable and prudent under the circumstances, failed to keep the vehicle under proper control, or failed to maintain a reasonable lookout and should have seen the snow-covered automobile under the existing weather conditions and the snowy surroundings.

The judgment of involuntary nonsuit is

Reversed.