JAMES WESLEY SPIVEY, ADMINISTRATOR OF THE ESTATE OF BARBARA J. GARNER SPIVEY, DECEASED v. MATTIE MATTHEWS WALDEN

No. 7415SC615

(Filed 16 October 1974)

1. **Automobiles § 75— stopping on highway — contributory negligence**

    In a wrongful death action growing out of a rear-end collision, there was sufficient evidence that the negligence of plaintiff's intestate in stopping her car on the highway was a proximate cause of the collision for submission of an issue of contributory negligence to the jury.

2. **Automobiles § 75—stopping or parking on highway**

    The jury could find that plaintiff's intestate violated G.S. 20-161 by stopping her automobile in the highway with intent to park or leave it standing for a sufficient length of time to break the continuity of travel where there was evidence tending to show that a friend of plaintiff's intestate pulled into an intersecting road and motioned to plaintiff's intestate to stop, that plaintiff's intestate stopped her automobile past the intersection in the right-hand traffic lane, and that while the automobile was stopped it was struck from the rear by defendant's automobile.

3. **Automobiles § 90— negligence in stopping on highway — charge on contentions**

    The trial court did not err in charging on defendant's contention that plaintiff's intestate was guilty of negligence when she stopped on the highway since there was no evidence indicating that she stopped for any necessary purpose.

APPEAL by plaintiff from *Clark, Judge,* 18 March 1974 Session of CHATHAM Superior Court. Heard in the Court of Appeals 18 September 1974.

This is an action for recovery of damages for the wrongful death of plaintiff's intestate, Barbara J. Garner Spivey (Mrs. Spivey), and damages to her automobile, allegedly resulting from the negligence of the defendant, Mattie Matthews Walden, (Mrs. Walden), when defendant's automobile collided with the rear end of the Spivey automobile apparently killing Mrs. Spivey instantly.

It was stipulated that the collision occurred on Thursday, 26 October 1972, at approximately 5:25 p.m. on U. S. Highway No. 421 about 0.3 miles south of Siler City, N. C.; that plaintiff's intestate, Mrs. Spivey, was driving a 1959 Model MG automobile and the defendant, Mrs. Walden, was driving a 1966 Model Buick; that both automobiles were travelling south on Highway 421; that the posted speed limit was 60 miles per hour and that the highway consisted of four traffic lanes, two for southbound traffic and two for northbound traffic.

The plaintiff's uncontradicted evidence showed the following facts: As Mrs. Spivey was proceeding in the right-hand, southbound lane, a friend, Mrs. Barbara Teague (Mrs. Teague) passed her in the left-hand, southbound lane, and motioned to Mrs. Spivey with her hand. Then, Mrs. Teague pulled in the right-hand lane, in front of Mrs. Spivey, and drove to the intersection of State Road 1124, where she turned right into the intersecting road. As Mrs. Spivey proceeded through the intersection on Highway 421, Mrs. Teague again motioned to her and Mrs. Spivey stopped her automobile south of the intersection in the right-hand traffic lane of Highway 421. While the Spivey automobile was stopped, it was struck from the rear by Mrs. Walden's automobile which also was proceeding south in the right-hand traffic lane.

The plaintiff also offered evidence tending to show that when Mrs. Spivey stopped, she had her right turn signal blinking; that the Spivey automobile had been stopped for only a few seconds when it was struck by the Walden automobile, and that no intervening southbound traffic had passed the Spivey automobile from the time it stopped until it was struck by the Walden automobile.

The defendant's evidence tended to show that the Spivey automobile was a small black MG sports car; that the traffic on Highway 421 at the time of the accident was heavy; that defendant was travelling at a speed of about 50 miles per hour,

well within the maximum posted speed limit of 60 miles per hour; that as the defendant approached the intersection of Highway 421 and State Road 1124 she observed the Teague automobile on her right, that she saw it backing into Highway 421 and then going forward as though to enter the highway; that her view of Mrs. Spivey's sports car was obstructed by the Teague automobile; that when defendant finally saw the sports car and before she realized it was not moving, she was very close to it; that she saw no signal from the car indicating that Mrs. Spivey intended to stop or that she was parked in her lane of travel and that she swerved to the left in an effort to avoid the collision but despite her best efforts her automobile struck Mrs. Spivey's car in the left rear.

At the close of the evidence the jury found plaintiff's intestate, Barbara Spivey, was killed by the negligence of the defendant and that the decedent by her own negligence contributed to her death. Based on these findings the court ordered that the plaintiff take nothing by this action and dismissed the claim against the defendant. Plaintiff appealed.

*William W. Staton for plaintiff appellant.*

*L. T. Dark, Jr., for defendant appellee.*

MORRIS, Judge.

[1] Plaintiff's first assignment of error concerns the submission of the issue of contributory negligence to the jury. The plaintiff argues that even though there might have been evidence of contributory negligence, there was not sufficient evidence of proximate cause to permit the issue to be submitted to the jury. We find no merit in this contention. Proximate cause has been defined by our courts as " 'a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence' could have reasonably foreseen that some injury or harm would probably result from his act or omission under all the facts as they existed. (Citations omitted.)" *Boone v. R. R.,* 240 N.C. 152, 81 S.E. 2d 380 (1954). In *Bass v. McLamb,* 268 N.C. 395, 150 S.E. 2d 856 (1966), Justice Branch quoted from *Saunders v. Warren,* 267 N.C. 735, 149 S.E. 2d 19 (1966), as follows:

" ' " The operator of a standing or parked vehicle which constitutes a source of danger to other users of the high-

way is generally bound to exercise ordinary or reasonable care to give adequate warning or notice to approaching traffic of the presence of the standing vehicle, and such duty exists irrespective of the reason for stopping the vehicle on the highway. So the driver of the stopped vehicle must take such precautions as would reasonably be calculated to prevent injury, whether by the use of lights, flags, guards, or other practical means, and failing to give such warning may constitute negligence . . . " 60 C.J.S., Motor Vehicles, § 325, pp. 779, 780; *Mullis v. Pinnacle Flour & Feed Co.*, 152 S.C. 239, 149 S.E. 329.' " *Bass v. McLamb, supra,* at 397, 398.

There was sufficient evidence of proximate cause in this case for submission of the issue of contributory negligence to the jury.

[2]  Plaintiff next contends that the trial court erred in applying the provisions of G.S. 20-161 to the facts in this case. He submits that the applicability of the statute on the issue of contributory negligence was too speculative to be left to the jury. The pertinent portion of G.S. 20-161 reads as follows:

"(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled portion of any highway or highway bridge unless the vehicle is disabled to such an extent that it is impossible to avoid stopping or temporarily leaving the vehicle upon the paved or main traveled portion of the highway or highway bridge."

We agree with plaintiff that G.S. 20-161 is not violated when the operator of a motor vehicle stops momentarily upon the streets or highway in order to undertake another movement and that the words "park" and "leave standing" as used in the statute do not include "a mere temporary or momentary stoppage on the highway for a necessary purpose when there is no intent to break the continuity of travel". *Faison v. Trucking Co.,* 266 N.C. 383, 390, 146 S.E. 2d 450 (1966). In fact, we note that the judge so charged the jury in stating defendant's contention that G.S. 20-161 was applicable in this case. However, we conclude that based upon all the evidence the jury could reasonably find that when Mrs. Spivey stopped her automobile she intended to park or leave it standing a sufficient length of time to break the continuity of travel. There was no error in

submitting the question of whether the statute was applicable in this case to the jury.

[3]  Plaintiff's final contention is that the trial court erred when it instructed the jury that the plaintiff's intestate was guilty of negligence when she stopped on the highway if there was no necessary purpose to the stopping. This contention also is without merit. The portion of the charge to which the plaintiff objects was in fact only a statement by the trial judge of one of the defendant's contentions. Defendant alleged in her answer and argued to the jury that Mrs. Spivey violated G.S. 20-161 and that such violation constituted contributory negligence on her part. She further contended there was nothing from the evidence indicating Mrs. Spivey stopped for any necessary purpose. We find the court accurately stated the defendant's contentions. This assignment of error is overruled.

No error.

Chief Judge BROCK and Judge MARTIN concur.