SHARON ELAINE JOHNSON v. MAROLYN GRACE BROOKS

No. 7423SC551

(Filed 16 October 1974)

1. Automobiles § 46; Evidence § 42— driving "a little too fast" — no short-hand statement of fact

    Testimony by plaintiff passenger that defendant was driving "a little too fast" was not admissible as a shorthand statement of fact and was properly excluded by the court.

2. Automobiles § 60— skidding on ice — insufficient evidence of negligence

    Plaintiff passenger's evidence was insufficient to be submitted to the jury on the issue of negligence by defendant driver where it tended to show only that defendant's automobile skidded on ice as it entered a curve traveling 40 to 45 mph and struck an embankment, and that defendant had made two previous trips over the same road on the day of the accident.

APPEAL by plaintiff from *Collier, Judge,* 21 January 1974 Session of Superior Court, WILKES County. Heard in the Court of Appeals 5 September 1974.

This is a civil action instituted for the recovery of damages for personal injuries allegedly resulting from an automobile collision which occurred on Highway 268 in Wilkes County on 13 January 1973. The plaintiff was a guest passenger in the defendant's vehicle. At the conclusion of the plaintiff's evidence, defendant's motion for a directed verdict under Rule 50 (b) was granted. Plaintiff appealed.

Additional facts necessary for decision are set forth in the opinion.

*McElwee, Hall and McElwee, by William H. McElwee III, for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton and Robinson, by James H. Kelly, Jr., for defendant appellee.*

MORRIS, Judge.

[1] Plaintiff first contends that the trial court erred in sustaining defendant's objection to the testimony of plaintiff that defendant was driving the automobile "a little too fast" and instructing the jury to disregard this testimony. Plaintiff's argument is that she should have been allowed to testify that she realized defendant was going too fast and that she did not say anything to the defendant because she was afraid it would make the defendant mad. In support of her contention plaintiff cites the well-established principle of law that "[a] lay witness is permitted to give his opinion as to common appearances, facts and conditions *in those instances where the basic facts cannot be described so as to enable a person who is not an eyewitness to form an accurate judgment in regard thereto,* provided that such 'shorthand' statement is descriptive of facts observed by the witness." (Emphasis supplied.) 3 Strong, N. C. Index 2d, Evidence, § 42, p. 669. While we recognize this principle as the law in North Carolina, we hold it is not applicable in this case. Here the question of whether defendant was driving too fast was an issue for the jury based on the evidence introduced at trial. Basic facts concerning such matters as the posted speed limit, the weather and the mechanical condition of defendant's automobile could have been described with sufficient clarity to allow members of the jury to draw their own conclusions regarding the speed of defendant's car. As a matter of fact, plaintiff did testify as to the actual speed of the defendant's automobile at the time of the accident. This assignment of error is overruled.

**[2]**  Plaintiff next contends that the trial court erred in granting the defendant's motion for a directed verdict under Rule 50 at the conclusion of the plaintiff's evidence. The sole question presented by this assignment of error is whether the plaintiff offered sufficient evidence of defendant's negligence to require submission of the case to the jury. We conclude that she did not.

Plaintiff's evidence tended to show that plaintiff and defendant were roommates and were in the process of moving to a new location at the time of the accident; that it had snowed on the Sunday approximately six days before the accident, and there was still some ice in the curves and low places on the road on which they were travelling; that they had made two previous trips over the same road on the day of the accident; that in her opinion defendant drove the automobile at a speed of 40 to 45 miles per hour over a road known to her (plaintiff) to have ice and snow on the road in curves and low places; that defendant did not reduce her speed or take any other precaution upon entering the curve immediately preceding the accident and that while in the curve the defendant's automobile skidded into an embankment causing plaintiff to sustain substantial injuries.

There was no evidence that either plaintiff or defendant was aware there was ice on the curve before the accident occurred. The fact that the parties had made two previous trips over the same road on the day of the accident without trouble could just as well negate knowledge on the part of the defendant as establish such knowledge. Thus it seems clear that all the plaintiff showed by her evidence was that the defendant's automobile skidded into an embankment as it entered a curve at a time when it was travelling 40 to 45 miles per hour. This alone was insufficient to get to the jury.

It is well established in North Carolina that one is not guilty of negligence *per se* in driving an automobile on a highway covered with snow or ice. *Bass v. McLamb,* 268 N.C. 395, 150 S.E. 2d 856 (1966). Furthermore, the mere skidding of an automobile is not in itself, and without more, evidence of negligence. *Webb v. Clark,* 264 N.C. 474, 141 S.E. 2d 880 (1965). Since it is not before us, we do not discuss the question of plaintiff's contributory negligence.

Defendant's motion for a directed verdict under Rule 50 (b) was properly granted.

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.