DANIEL W. WILLIAMS, ADMINISTRATOR OF THE ESTATE OF JAMES DANIEL WILLIAMS, v. CALVIN COOLIDGE HALL AND DuBOSE LUMBER CORPORATION.

(Filed 10 July 1968.)

**1. Negligence § 26—**

A motion for judgment of nonsuit on the ground of contributory negligence will be granted only when plaintiff's own evidence, taken in the light most favorable to him, so clearly establishes the facts necessary to show contributory negligence that no other conclusion can be reasonably drawn therefrom.

**2. Trial § 21—**

Upon motion to nonsuit, plaintiff's evidence is taken as true and con-

sidered in the light most favorable to him, giving him the benefit of every fact and inference of fact pertaining to the issue which may be reasonably deduced from the evidence, and defendant's evidence which tends to impeach or contradict plaintiff's evidence is not considered.

**3. Same—** ·

Discrepancies and contradictions even in plaintiff's evidence are matters for the jury and not the judge.

**4. Negligence § 26—**

The burden of proof on the issue of contributory negligence is upon defendant.

**5. Automobiles § 76—**

Plaintiff administrator's evidence tending to show that defendant's disabled tanker truck was standing in his intestate's lane of travel at night without lights or flares, in violation of G.S. 20-161(a), that there was a slight drizzle-like rain at the time of the accident, that the intestate's vehicle collided into the rear of the truck, killing the intestate and his three companions, that the posted speed limit on the rural paved road was 55 miles per hour, and that the truck could not be seen at a distance of more than 50 to 80 feet away, *is held* insufficient to disclose contributory negligence on the part of plaintiff's intestate as a matter of law.

APPEAL by plaintiff from *Canaday, J.,* February 1968 Civil Session of HARNETT Superior Court.

This is a civil action instituted by plaintiff administrator against the defendants to recover for the wrongful death of plaintiff's intestate who was killed in a collision between a 1963 Chevrolet automobile operated by plaintiff's intestate and a 1958 Chevrolet tanker truck owned by the corporate defendant and operated by the individual defendant.

In his complaint, plaintiff alleges that on 8 August 1966, at around 9:15 p.m., his 22-year-old intestate was operating a 1963 Chevrolet in a southerly direction on rural paved road 1446 in Sampson County; that at said time and place, defendant Hall had stopped the corporate defendant's tanker truck on the southbound lane of the pavement of said road and had left the truck parked on the highway with no lights or flares, in violation of G.S. 20-161(a); that plaintiff's intestate ran into said truck and was killed instantly; that his death was proximately caused by the negligence of the defendants.

In their answer, defendants admit that the corporate defendant owned said truck, that defendant Hall was operating the same as the agent or servant of the corporate defendant, and that defendant Hall stopped the truck on a portion of the pavement of said public road. The answer further avers that the electrical system on the truck suddenly failed, that the driver was unable to remove the

truck from the pavement onto the shoulder of the highway, that the truck contained approximately 1,000 gallons of fuel oil in its tank weighing some 8,000 pounds, and that the truck and its load weighed approximately 13,000 pounds. The answer also alleges that there were several five-inch or six-inch reflectors on the rear of the truck; that after it stopped, defendant Hall placed a two-cell flashlight on the rear of the truck, then left and went several hundred yards to a service station to obtain help. Defendants allege that plaintiff's intestate was contributorily negligent in many respects, including excessive speeding, not keeping a proper lookout, and not keeping his vehicle under proper control.

Plaintiff's evidence most favorable to him tended to show: That around 9:00 p.m., plaintiff's intestate stopped at a service station approximately one mile from where the wreck took place; that he was accompanied by another man and two girls and purchased four soft drinks, after which he drove off in the direction of the site of the wreck; that intestate appeared to be normal at the time, and he drove off from the store in a normal manner. A witness at the store testified that he left the store about fifteen minutes after intestate left and that he passed by the wrecked vehicles. The investigating patrolman testified that rural paved road 1446 was a secondary road, paved with coarse asphalt, and was nineteen feet wide at the site of the wreck; that he arrived at the scene at about 9:45 p.m., at which time he found the oil truck sitting in the southbound traffic lane; that the Chevrolet convertible was sitting behind the tanker and plaintiff's intestate and his three companions were all dead; that there were no flares on the highway to the rear of the truck and no lights on the truck were burning. He further testified that there was a slight drizzle-like rain at the time of his investigation and that it was very dark at 9:00 that night; that the posted speed limit at the site was 55 miles per hour.

Another witness for plaintiff testified that he had occasion to pass the disabled truck about 9:00 p.m., before the wreck occurred; that he was driving south at about 30 miles per hour and had his lights on low beam; that it was drizzling rain; that there were no lights on or flares about the truck, and that he did not see the truck until he was about "50 to 75 to 80 feet" from it. He testified that when he was "right on it" he discovered two or three little reflectors.

Defendants' motion for judgment as of involuntary nonsuit at the conclusion of plaintiff's testimony was denied but was allowed at the conclusion of all the testimony. From judgment entered thereon, plaintiff appealed.

*D. K. Stewart and Bryan, Bryan & Johnson by Robert C. Bryan,*
*Attorneys for plaintiff appellant.*

*Holland & Poole by R. Maurice Holland, Butler & Butler by*
*Edwin E. Butler, and Morgan & Jones by Robert B. Morgan, At-*
*torneys for defendant appellees.*

BRITT, J. Two questions are presented for our determination:
(1) Was the evidence offered by plaintiff sufficient to make out a
case of actionable negligence against the defendants? (2) Did the
plaintiff's evidence, considered in the light most favorable to him,
show that plaintiff's intestate was contributorily negligent as a mat-
ter of law?

In their brief and argument on this appeal, defendants apparently
have conceded, and we agree, that there was sufficient evidence of
negligence on the part of defendant Hall to take that issue to the
jury. Plaintiff alleged that defendants violated the provisions of
G.S. 20-161(a), and the evidence was more than sufficient to sup-
port the allegation.

Defendants contend, however, that their motion for nonsuit was
properly allowed on the grounds that plaintiff's intestate was guilty
of contributory negligence as a matter of law, and this contention
is the principal question presented by this appeal.

In *Bass v. McLamb*, 268 N.C. 395, 150 S.E. 2d 856, in an opinion
written by Branch, J., the following was said:

"We recognize the well-established rule that 'A motion for judg-
ment of nonsuit on the ground of contributory negligence will
be granted only when plaintiff's own evidence establishes the
facts necessary to show contributory negligence so clearly that
no other conclusion can be reasonably drawn therefrom.' *John-
son v. Thompson, Inc.*, 250 N.C. 665, 110 S.E. 2d 306."

In *Galloway v. Hartman*, 271 N.C. 372, 156 S.E. 2d 727, we find
the following:

"Nonsuit on the ground of contributory negligence should be
allowed only when plaintiff's evidence, taken in the light most
favorable to him, so clearly establishes the defense that no
other reasonable inference or conclusion can be drawn there-
from. *Waters v. Harris*, 250 N.C. 701, 110 S.E. 2d 283; *Hood
v. Coach Co.*, 249 N.C. 534, 107 S.E. 2d 154. Further, nonsuit
on the ground of contributory negligence should be denied if
diverse inferences upon the question are permissible from plain-
tiff's proof. *Wooten v. Russell*, 255 N.C. 699, 122 S.E. 2d 603."

At the trial of this action, evidence was introduced by plaintiff

and the defendants, the motion for nonsuit being allowed at the close of all the evidence. Defendants stress the evidence of excessive speed on the part of plaintiff's intestate and contend that the judgment was justified primarily on the showing of excessive speed.

It is well established in this jurisdiction that upon motion to nonsuit, the plaintiff's evidence is taken as true and considered in the light most favorable to him, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence, and defendant's evidence which tends to impeach or contradict plaintiff's evidence is not considered. It is elementary that discrepancies and contradictions even in plaintiff's evidence are matters for the jury and not the judge. *Greene v. Meredith*, 264 N.C. 178, 141 S.E. 2d 287.

The burden of proof on the issue of contributory negligence is on the defendants. They contend that plaintiff's intestate was either exceeding the maximum speed limit or was driving faster than was reasonable and prudent under the conditions existing. Although there was elicited from plaintiff's witnesses evidence that would infer excessive speed, we are of the opinion that plaintiff's evidence did not show excessive speed or other negligence on the part of plaintiff's intestate sufficiently to constitute contributory negligence as a matter of law.

We hold that upon the evidence presented by plaintiff in the trial of this action, he was entitled to have the issues answered by the jury. The judgment of the Superior Court is

Reversed.

CAMPBELL and MORRIS, JJ., concur.