J. F. DUKE v. SARAH K. TANKARD, ADMINISTRATRIX OF THE ESTATE OF MRS. J. M. TANKARD, AND JOHN M. TANKARD, JR.

No. 682SC374

(Filed 5 February 1969)

1. Negligence § 35— nonsuit for contributory negligence

　　Motion for nonsuit on the ground of contributory negligence will be granted only when plaintiff's own evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion can be reasonably drawn therefrom.

2. Negligence § 35— nonsuit for contributory negligence

　　Nonsuit on the ground of contributory negligence should be denied if diverse inferences upon the question are permissible from plaintiff's proof.

**3. Automobiles § 13—   outrunning headlights**

   Where a motorist is traveling within the maximum speed limits prescribed by G.S. 20-141(b), his failure to stop his vehicle within the radius of his lights or the range of his vision is not contributory negligence *per se*, but is only evidence to be considered with other circumstances in the case.

**4. Animals § 3—   collision with animal roaming at large — negligence — contributory negligence**

   In an action for personal injuries and property damage sustained when plaintiff's automobile collided with defendant's cow, plaintiff's evidence *is held* not to disclose contributory negligence as a matter of law where it tends to show that plaintiff was driving in the nighttime within the speed limit with his lights on high beam when defendant's cow suddenly appeared in his lane of travel at a point 10-12 feet in front of plaintiff, and that although he applied his brakes, plaintiff struck the cow with considerable force.

APPEAL by defendants from *Cohoon, J.,* at the May 1968 Civil Session of BEAUFORT Superior Court.

This is a civil action instituted by plaintiff in which he attempts to recover for personal injuries and property damage sustained by him on 4 November 1964 when the automobile owned and operated by plaintiff collided with a cow belonging to defendants and which was running at large.

Defendants filed answer and counterclaim, pleading contributory negligence on the part of plaintiff and asking for damages for the loss of their cow. Plaintiff replied, pleading contributory negligence to the counterclaim.

At trial, issues of negligence, contributory negligence and damages were submitted on plaintiff's claim, and similar issues were submitted on defendants' counterclaim. The jury answered the issues in favor of plaintiff, and from judgment entered thereon, defendants appealed.

*LeRoy Scott for plaintiff appellee.*

*Rodman & Rodman by Edward N. Rodman for defendant appellants.*

BRITT, J.

   In their brief, defendants concede that plaintiff's evidence of negligence on the part of defendants was sufficient to carry the case to the jury on the first issue. They contend, however, that plaintiff's evidence, taken in the light most favorable to him, established con-

tributory negligence as a matter of law and that the trial judge erred in overruling defendants' motion for judgment as of nonsuit interposed at the conclusion of plaintiff's evidence and renewed at the conclusion of all the evidence.

[1]    It is a well-established principle of law in this jurisdiction that a motion for judgment of nonsuit on the ground of contributory negligence will be granted only when plaintiff's own evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion can be reasonably drawn therefrom. *Bass v. McLamb,* 268 N.C. 395, 150 S.E. 2d 856; *Johnson v. Thompson,* 250 N.C. 665, 110 S.E. 2d 306; *Williams v. Hall,* 1 N.C. App. 508, 162 S.E. 2d 84.

[2]    Nonsuit on the ground of contributory negligence should be allowed only when plaintiff's evidence, taken in the light most favorable to him, so clearly establishes the defense that no other reasonable inference or conclusion can be drawn therefrom. *Galloway v. Hartman,* 271 N.C. 372, 156 S.E. 2d 727; *Waters v. Harris,* 250 N.C. 701, 110 S.E. 2d 283. Further, nonsuit on the ground of contributory negligence should be denied if diverse inferences upon the question are permissible from plaintiff's proof. *Galloway v. Hartman, supra; Wooten v. Russell,* 255 N.C. 699, 122 S.E. 2d 603; *Williams v. Hall, supra.*

The evidence in the instant case disclosed that the collision complained of occurred in the nighttime. Prior to 1953, the Supreme Court of North Carolina, in numerous cases, held that the plaintiff was guilty of contributory negligence as a matter of law for "outrunning his headlights" at the time of the collision. In *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251, Stacy, C.J., clearly laid down the rule and listed numerous decisions of the court in which the rule had been applied as well as those in which the rule was not applied.

[3]    However, the General Assembly passed an act, Chapter 1145 of 1953 Session Laws, amending G.S. 20-141(e) by adding thereto the proviso "that the failure or inability of a motor vehicle operator who is operating such vehicle within the maximum speed limits described by G.S. 20-141(b) to stop such vehicle within the radius of the lights thereof or within the range of his vision shall not be considered negligence *per se* or contributory negligence *per se* in any civil action, but the facts relating thereto may be considered with other facts in such action in determining the negligence or contributory negligence of such operator."

In *Burchette v. Distributing Co.,* 243 N.C. 120, 90 S.E. 2d 232,

in an opinion by Winborne, J. (later C.J.), our Supreme Court interpreted the 1953 proviso as follows:

> "* * * [I]f the driver of a motor vehicle who is operating it within the maximum speed limits prescribed by G.S. 20-141 (b) fails to stop such vehicle within the radius of the lights of the vehicle or within the range of his vision, the courts may no longer hold such failure to be negligence *per se,* or contributory negligence *per se,* as the case may be, that is, negligence or contributory negligence, in and of itself, but the facts relating thereto may be considered by the jury, with other facts in such action in determining whether the operator be guilty of negligence, or contributory negligence, as the case may be. * * *"

The interpretation declared by our Supreme Court in *Burchette v. Distributing Co., supra,* was quoted with approval in *Bass v. McLamb, supra,* in an opinion by Branch, J.

[4]    Plaintiff's evidence tended to show the following: On 4 November 1964 in the nighttime at about 6:30 p.m., he was driving his 1961 Dodge in an easterly direction on Highway 264 in Beaufort County between Washington and Yeatsville. He was traveling 50-55 mph in open country where the posted speed limit was 60 mph. The weather was clear, visibility good, the road was dry, and there was no fog. His lights were burning good, on high beam. As he came out of a long curve to the right, defendants' cow suddenly appeared in plaintiff's lane of travel, crossing the highway from plaintiff's right to left. The cow was only 10-12 feet in front of plaintiff when he first saw him, and although he applied his brakes, he struck the cow with considerable force.

We hold that plaintiff's evidence did not show that plaintiff was contributorily negligent as a matter of law and the trial judge properly overruled defendants' motions for nonsuit.

No error.

BROCK and PARKER, JJ., concur.