HOOD LOGGING & TIMBER COMPANY, INC. v. CECIL SMITH

No. 718DC438

(Filed 4 August 1971)

Animals § 3— collision between truck and cow — contributory negligence of truck driver

    In this action to recover for damages to plaintiff's truck when it collided with one or more of defendant's cows while they were being driven across the road, plaintiff's evidence did not disclose contributory negligence as a matter of law on the part of its driver where it tended to show that the collision occurred around 6:00 p.m. in December, that it was dark and the truck lights were on, that the truck was traveling 35 mph, well within the lawful speed limit, that the cows were black, and that the driver did not see any cows on the road or on the shoulder of the road until the moment of collision.

APPEAL by defendant from *Nowell, District Judge,* 15 February 1971 Session of District Court held in WAYNE County.

Plaintiff sued for damages to his truck which allegedly occurred when the truck struck one or more of defendant's cows as they were being driven across the road.

At the conclusion of plaintiff's evidence, defendant moved for a directed verdict, stating as the only ground therefor

"[t]hat the evidence taken in the light most favorable to the plaintiff, shows the plaintiff to have been contributorily negligent as a matter of law." The motion was denied. Defendant offered no evidence. The jury returned a verdict for plaintiff, awarding damages in the amount of $550, and defendant moved for a judgment N.O.V. This motion was also denied and defendant appealed.

*Braswell, Strickland, Merritt & Rouse by David M. Rouse for plaintiff appellee.*

*Dees, Dees, Smith & Powell by Tommy W. Jarrett for defendant appellant.*

GRAHAM, Judge.

Defendant did not assert in either his motion for a directed verdict or his motion for judgment N.O.V. that the evidence was insufficient to show negligence on his part. Neither does he make any assertion to this effect here. His sole contention is that plaintiff's evidence establishes, as a matter of law, that plaintiff's employee was negligent in the operation of the truck and that his negligence was a proximate cause of the collision and resulting damages.

Testimony of plaintiff's truck driver tended to show that the collision occurred at around 6:00 p.m. on the evening of 2 December 1969. It was dark and the truck lights were on. The speed of the truck immediately before the collision was approximately 35 miles per hour, well within the lawful speed limit. The cows were black. The driver did not see any cows on the road or on the shoulder of the road until the moment of the collision. He stated "Only thing I know it just jumped out and hit me, I tried to stop."

The evidence is similar to that considered by this Court in *Duke v. Tankard,* 3 N.C. App. 563, 165 S.E. 2d 524. In that case the plaintiff was traveling 50 to 55 miles per hour along a road in open country where the posted speed limit was 60 miles per hour. Defendant's cow suddenly appeared in front of plaintiff's vehicle when it was only 10 to 12 feet away. This Court held that the evidence did not show that plaintiff was contributorily negligent as a matter of law. See also *Bullard v. Phillips,* 246 N.C. 87, 97 S.E. 2d 449, and *Kelly v. Willis,* 238 N.C. 637, 78 S.E. 2d 711.

Defendant relies upon *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657, where the court held that the plaintiff was contributorily negligent as a matter of law under the following undisputed facts: Plaintiff was operating his car on a straight road on a bright, moonlit night. Defendant's mule was grazing beside the road, and started walking slowly across the highway when plaintiff was 100 yards away. Without slackening his speed plaintiff drove on, and collided with the mule, when only her hindquarters and rear feet were on the pavement. There was also uncontradicted evidence that plaintiff's headlights picked up the mule when the car was 100 or 150 yards away.

Defendant's son, who was called by plaintiff as a witness, testified as to facts quite similar to those considered by the Supreme Court in *Johnson.* However, his testimony conflicted with other evidence which, when considered in the light most favorable to plaintiff, tended to show that the black cow suddenly appeared from out of the darkness, "jumping" out and striking the truck as plaintiff's driver tried to bring it to a stop. It is elementary that in considering whether a plaintiff is entitled to have his case passed upon by a jury, all contradictions, conflicts, and inconsistencies must be resolved in his favor. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47, and cases therein cited.

We are of the opinion and so hold that plaintiff's evidence did not show that plaintiff was contributorily negligent as a matter of law.

No error.

Judges BROCK and VAUGHN concur.