DONALD LEE EATMAN v. EDGAR ROGER BUNN

No. 8410DC577

(Filed 5 February 1985)

1. **Animals § 3; Automobiles §§ 73, 74.1— cow in road—beers consumed by driver —contributory negligence—directed verdict improper**

   In an action to recover for damages to plaintiff's automobile allegedly sustained when it struck defendant's cow in a public road, the trial court erred in directing verdict against plaintiff on the ground that he was contributorily negligent when the plaintiff's evidence revealed that he was operating his automobile within the lawful speed limit at night when he was suddenly confronted by a black cow in the roadway; such evidence did not disclose contributory negligence as a matter of law; plaintiff admitted that he had consumed two "pony" bottles of beer during the evening, but there was conflicting evidence as to whether his faculties were impaired; and such evidence did not so clearly establish plaintiff's negligence that no other reasonable inference could be drawn therefrom.

2. **Animals § 3— collision between car and cow—negligence of cow owner—damages to car owner**

   Evidence tending to show that defendant's fences were in poor repair, his cows had been found at large on previous occasions, and on at least one such occasion a car had collided with one of the cows was sufficient to permit the jury to find that defendant was negligent in preventing his cattle from escaping the pasture and roaming at large and that defendant should have reasonably foreseen that his failure to keep his cattle within the fences would likely result in some injurious consequences; therefore, the trial court erred in granting defendant's motion for a directed verdict on plaintiff's claim to recover for damages to his automobile sustained when it struck defendant's cow.

3. **Animals § 3— collision between car and cow—damages to cow owner**

   The trial court erred in directing a verdict dismissing defendant's counterclaim for damages resulting from the death of his cow which was struck by plaintiff's automobile where defendant's evidence could warrant findings by the jury that the cow escaped because defendant's fence had been damaged by a State Highway Department mower rather than by any negligence on his own part, and that defendant's cow was killed due to the negligence of plaintiff in failing to maintain a proper lookout and in driving his automobile while he was under the influence of alcohol.

APPEALS by plaintiff and defendant from *Redwine, Judge.* Judgment entered 19 March 1984 in District Court, WAKE County. Heard in the Court of Appeals 18 January 1985.

Plaintiff brought this action to recover for damage to his automobile, allegedly sustained when it struck the defendant's

cow in a public road. By counterclaim, the defendant sought reimbursement for damages incurred as a result of the death of the cow. The case was called for trial before a jury and each party presented evidence. At the close of all of the evidence, the trial court granted each party's motion for a directed verdict as to the claim of the other, finding ". . . that the defendant was guilty of negligence and the plaintiff also guilty of contributory negligence." Both parties appealed.

E. Gregory Stott for plaintiff.

Hatch, Little, Bunn, Jones, Few and Berry, by Thomas D. Bunn, for defendant.

MARTIN, Judge.

The questions presented for our consideration are the same for each appeal: whether the trial court erred in granting the respective motions for directed verdict, dismissing the plaintiff's claim and the defendant's counterclaim. We conclude that in both instances the motion for directed verdict was improvidently granted and we therefore reverse and remand for a new trial.

The plaintiff, Donald Lee Eatman, offered evidence tending to show that on 26 August 1983, after dark, he was driving his automobile within the speed limit on a rural road when the defendant's black Angus cow suddenly appeared in his path. He applied his brakes and swerved to the left, however, the cow also turned in the same direction and a collision ensued in which Eatman's automobile was damaged and the cow was fatally injured. The plaintiff admitted that he had consumed two "pony" bottles of beer during the evening but offered evidence, through a passenger in his car, that he was not impaired. Further evidence tended to show that the defendant's fences, in the area of the collision, consisted only of a strand of wire ten to twelve inches from the ground and that the wire had been pulled loose from the fence posts at several locations. The plaintiff offered witnesses who testified that the defendant's cows had been observed running loose on other occasions and that on at least one other occasion a collision had occurred between an automobile and one of the defendant's cows.

The defendant testified that his cows had gotten loose on previous occasions and that as a result, he had checked and re-

paired his fences, and that the fences were in good repair on the date of this collision. He testified that after this collision he discovered that his cow had escaped from a place in the fence that had been cut by a State Highway Department mower which had mowed grass in the area within a week before the collision. He also offered evidence tending to show that immediately after the collision the plaintiff was rude, profane, unsteady on his feet and appeared to be under the influence of alcohol.

Upon the foregoing evidence, the trial court concluded that both the plaintiff and the defendant had been negligent and directed verdicts against each of them.

The purpose of a motion for directed verdict, made pursuant to G.S. 1A-1, Rule 50(a), is to test the legal sufficiency of the evidence to take the case to the jury and to support a verdict for the non-moving party. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1979); *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E. 2d 193 (1982). In passing upon the motion, the court must consider the evidence in the light most favorable to the non-moving party, taking all evidence which tends to support his position as true, resolving all contradictions, conflicts and inconsistencies in his favor and giving him the benefit of all reasonable inferences. *Daughtry v. Turnage*, 295 N.C. 543, 246 S.E. 2d 788 (1978). The motion may be granted only if the evidence is insufficient, as a matter of law, to support a verdict for the non-moving party. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). The same test is apposite whether considering a Rule 50(a) motion directed at the plaintiff's claim or at the defendant's counterclaim.

I. PLAINTIFF'S APPEAL

[1] We first consider the plaintiff's appeal from the directed verdict dismissing his claim. The court granted the motion for directed verdict upon the explicit finding that the plaintiff was contributorily negligent. In order for a directed verdict to be granted against plaintiff upon the ground of contributory negligence, the evidence, considered in the light most favorable to him, must so clearly establish his contributory negligence that no other conclusion can be reasonably drawn therefrom. *Beatty v. Owsley & Sons, Inc.*, 53 N.C. App. 178, 280 S.E. 2d 484, *disc. rev. denied*, 304 N.C. 192, 285 S.E. 2d 95 (1981).

Eatman v. Bunn

The plaintiff's evidence, when so gauged, reveals that he was operating his automobile within the lawful speed limit at night when he was suddenly confronted by a black cow in the roadway. He did not see the cow until it was right in front of his car. Similar evidence has been considered by this Court and has been held not to disclose contributory negligence as a matter of law. *See Timber Co. v. Smith,* 12 N.C. App. 137, 182 S.E. 2d 607, *cert. denied,* 279 N.C. 397, 183 S.E. 2d 245 (1971); *Duke v. Tankard,* 3 N.C. App. 563, 165 S.E. 2d 524 (1969).

Nor does the plaintiff's admission that he had consumed two "pony" bottles of beer so clearly establish his own negligence that no other reasonable inference may be drawn therefrom. A passenger in plaintiff's automobile testified that in his opinion neither the plaintiff's mental or physical faculties were impaired, while the defendant offered conflicting evidence that the plaintiff was noticeably under the influence of alcohol. The credibility of the witnesses is for the jury. *Naylor v. Naylor,* 11 N.C. App. 384, 181 S.E. 2d 222 (1971).

[2] Defendant contends that even if the trial court erred in finding that the plaintiff was contributorily negligent as a matter of law, the granting of the motion for directed verdict was nevertheless proper because the plaintiff failed to offer sufficient evidence of the defendant's negligence to take the case to the jury. Taken in the light most favorable to the plaintiff, his evidence tends to show that the defendant's fences were in poor repair, his cows had been found at large on previous occasions, and that on at least one such occasion a car had collided with one of the cows. This evidence was sufficient to permit the jury to find that the defendant was negligent in preventing his cattle from escaping the pasture and roaming at large. *See Whitaker v. Earnhardt,* 289 N.C. 260, 221 S.E. 2d 316 (1976); *Kelly v. Willis,* 238 N.C. 637, 78 S.E. 2d 711 (1953). The evidence was likewise sufficient to warrant a finding that the defendant should have reasonably foreseen that his failure to keep his cattle within the fences would likely result in some injurious consequence. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

When reasonable men can reach different results or conclusions on issues of negligence and proximate cause, the case is for the jury. *Robinson v. McMahan,* 11 N.C. App. 275, 181 S.E. 2d 147,

*cert. denied,* 279 N.C. 395, 183 S.E. 2d 243 (1971). We therefore hold that the trial court erred in granting the defendant's motion for a directed verdict.

## II. DEFENDANT'S APPEAL

[3] We next consider the defendant's appeal from the directed verdict dismissing his counterclaim for damages resulting from the death of his cow. The defendant's evidence, when considered in the light most favorable to him, giving him the benefit of all reasonable inferences and resolving all conflicts in his favor, could warrant a finding by the jury that the cow escaped because the fence had been damaged by a State Highway Department mower, rather than by reason of any negligence on his own part. His evidence was also sufficient to permit a finding by the jury that his cow was killed due to the negligence of the plaintiff in failing to maintain a proper lookout and in driving the automobile while he was under the influence of alcohol. These questions of fact were for resolution by the jury, not by the court. We therefore hold that the trial court erred in granting the plaintiff's motion for directed verdict.

Upon plaintiff's appeal from the granting of a directed verdict in favor of the defendant—reversed and remanded.

Upon defendant's appeal from the granting of a directed verdict in favor of the plaintiff—reversed and remanded.

Judges BECTON and JOHNSON concur.