JAMES KENNETH McMAHAN, Plaintiff v. DARRELL HENDRICKS BUMGARNER, Defendant

No. COA94-769

(Filed 6 June 1995)

**Automobiles and Other Vehicles § 487 (NCI4th)— intersection accident—directed verdict improper**

In an action for damages arising out of an automobile accident, the trial court erred in directing verdict for defendant where the evidence tended to show that plaintiff entered an intersection after observing defendant's automobile approaching and determining that he had sufficient time to cross and that defendant, who could see the intersection as he approached, hit plaintiff's automobile just as it cleared the intersection, since this evidence was sufficient for submission to the jury on several theories of

McMAHAN v. BUMGARNER

[119 N.C. App. 235 (1995)]

negligence, including that plaintiff failed to keep a proper control of his automobile, operated his auto at a speed greater than reasonable and prudent under the conditions, and failed to decrease his speed when approaching and entering an intersection.

**Am Jur 2d, Automobiles and Highway Traffic § 798.**

Appeal by plaintiff from judgment entered 23 March 1994 by Judge Marilyn Bissell in Mecklenburg County District Court. Heard in the Court of Appeals 4 April 1995.

*John P. Barringer for plaintiff-appellant.*

*Golding, Meekins, Holden, Cosper & Stiles, by Deborah G. Casey, for defendant-appellee.*

WALKER, Judge.

Plaintiff sued defendant for negligently causing damage to his vehicle as a result of an accident on 18 April 1992 at the intersection of Fairview Road and Valencia Terrace in Charlotte. Defendant filed an answer and counterclaim which alleged that plaintiff was contributorily negligent and that plaintiff negligently caused damage to defendant's vehicle. Thereafter, plaintiff amended his counterclaim to allege that defendant had the last clear chance to avoid the accident.

The evidence at trial showed that on 18 April 1992, plaintiff, while driving south on Valencia Terrace, approached the intersection of Valencia Terrace and Fairview Road. At this intersection, Fairview Road is a multi-laned, paved public thoroughfare with two lanes of travel heading west and three lanes of travel heading east. Valencia Terrace is a two-lane, paved public thoroughfare which runs in a north/south direction and is controlled by a stop sign at its intersection with Fairview Road. Plaintiff testified that he stopped at the intersection and evaluated the traffic to his left and right before proceeding across. He saw defendant's vehicle approaching in an easterly direction approximately two-tenths of a mile away. Approximately half way across the intersection, plaintiff looked again and saw defendant's vehicle about one-tenth of a mile from the intersection. When plaintiff had crossed a distance of some 32 feet in the eastbound lanes of Fairview Road, plaintiff's vehicle was struck on the right rear quarter panel by the right front portion of defendant's vehicle.

Plaintiff further testified that he did not see defendant's vehicle hit his and that he did not hear the sound of brakes being applied. When plaintiff exited his vehicle after the collision, he observed defendant's vehicle stopped in the intersection with the front part extending beyond the curb line and into Valencia Terrace on the southside of the Fairview Road intersection. He also observed skid marks from defendant's vehicle which extended from Fairview Road beyond the curb and into Valencia Terrace on the southside of the Fairview Road intersection. Given the length of his car and the point of impact on the rear panel, plaintiff determined that he had cleared the intersection before his vehicle was struck by defendant's vehicle. Defendant's admission that he could see the intersection of Fairview Road and Valencia Terrace as he approached it was read into evidence.

At the close of plaintiff's evidence, defendant moved for a directed verdict on plaintiff's claim, asserting that plaintiff failed to produce evidence of defendant's negligence. The court granted defendant's motion. Defendant then presented evidence on his counterclaim, after which plaintiff moved for a directed verdict. Plaintiff's motion was denied and the jury rendered a verdict in defendant's favor.

The primary issue before us is whether the court erred in granting defendant's motion for a directed verdict. A motion for a directed verdict tests the sufficiency of the evidence to go to the jury and to support a verdict for the non-moving party. *Eatman v. Bunn*, 72 N.C. App. 504, 506, 325 S.E.2d 50, 51 (1985). In ruling on a motion for a directed verdict, plaintiff's evidence must be taken as true and all the evidence must be viewed in the light most favorable to him, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, with conflicts, contradictions and inconsistencies being resolved in plaintiff's favor. *Hornby v. Pennsylvania Nat'l Mut. Casualty Ins. Co.*, 62 N.C. App. 419, 422, 303 S.E.2d 332, 334, *cert. denied*, 309 N.C. 461, 307 S.E.2d 364 (1983).

The trial court should deny a motion for a directed verdict when it finds more than a scintilla of evidence to support each element of the non-movant's case. *Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E.2d 32, 36 (1986). "[A]s a general proposition, issues of negligence are ordinarily not susceptible of summary adjudication either for or against the claimant 'but should be resolved by trial in the ordinary manner.' " *Phelps v. Duke Power Co.*, 76 N.C. App. 222, 229, 332

McMAHAN v. BUMGARNER

[119 N.C. App. 235 (1995)]

S.E.2d 715, 719 (1985). *See also Taylor v. Walker*, 320 N.C. 729, 734, 360 S.E.2d 796, 799 (1987) (directed verdict against plaintiff in a negligence case only proper in exceptional cases). Thus, the better practice is for the trial court to deny the motion for a directed verdict, submit the case to the jury, and to enter a judgment notwithstanding the verdict if it finds, upon reconsidering the sufficiency of the evidence after the jury's verdict, that the evidence is insufficient. *Phelps*, 76 N.C. App. at 229, 332 S.E.2d at 719.

Since defendant only asserted insufficient evidence of negligence as grounds for a directed verdict, our inquiry is limited to determining whether there was sufficient evidence of defendant's negligence. *See Warren v. Canal Industries*, 61 N.C. App. 211, 213, 300 S.E.2d 557, 559 (1983) (appellate review of a directed verdict is usually limited to those grounds asserted by movant upon making his motion before the trial judge). When viewed in the light most favorable to plaintiff, the evidence shows that plaintiff entered the intersection after observing defendant's automobile approaching and determining that he had sufficient time to cross and that defendant, who could see the intersection as he approached, hit plaintiff's automobile just as it cleared the intersection. We hold that this evidence was sufficient to submit to the jury on several theories of negligence, including that defendant failed to keep a proper control of his automobile, operated his automobile at a speed greater than reasonable and prudent under the conditions, and failed to decrease his speed when approaching and entering an intersection. Thus, we reverse the granting of defendant's motion for a directed verdict.

Defendant argues that the issue of whether the court erred in granting its motion for a directed verdict is moot since the jury, by its verdict on his counterclaim, determined that plaintiff was negligent and that defendant was not contributorily negligent. However, defendant cites no authority to support his argument. Moreover, since the facts and issues surrounding defendant's counterclaim are inextricably intertwined with plaintiff's claim, a new trial should be granted on both claims so that all issues and legal theories that arise from the evidence can be presented to the jury. Judgment on defendant's counterclaim is vacated and the case is remanded for a new trial.

Reversed and remanded.

Judges EAGLES and MARTIN, JOHN C. concur.