HORACE P. BULLOCK Plaintiff,
v.
FRANK BULLOCK, III Defendant.
No. COA09-1214.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Stainback, Satterwhite, Burnette & Zollicoffer, PLLC, by Paul J. Stainback, for Plaintiff.
Frank Bullock, III, Pro Se.

UNPUBLISHED OPINION
STEPHENS, Judge.

I. Procedural History
Plaintiff Horace P. Bullock commenced this action by filing a complaint on 21 September 2007 alleging breach of contract. Defendant Frank Bullock, III filed an answer denying liability; moving to dismiss for failure to state a claim upon which relief can be granted; asserting the affirmative defenses of failure of consideration/unreasonableness and contributory negligence; and asserting counterclaims for false arrest, malicious prosecution, abuse of process, and intentional/negligent infliction of emotional distress.
On 3 July 2008, Defendant filed a motion for summary judgment and/or dismissal pursuant to North Carolina Rules of Civil Procedure 11 and 41(b) for Plaintiff's failure to respond to Defendant's discovery requests. Defendant also requested that sanctions be imposed upon Plaintiff for filing a frivolous action. Defendant's motion was heard on 15 September 2008. By order entered 18 September 2008, the trial court denied Defendant's motion for summary judgment. Plaintiff's counsel indicated that responses to Defendant's discovery requests would be served by 30 September 2008.
On 31 October 2008, Defendant filed a motion to dismiss and for default judgment pursuant to North Carolina Rules of Civil Procedure 37(d) and 41(b) for Plaintiff's failure to respond to discovery. Defendant also requested specific findings of fact and conclusions of law pursuant to N.C. Gen. Stat. § 1A-1, Rule 52(a)(2). Defendant's motion was never heard or ruled on by the trial court.
On 9 December 2008, Defendant moved to dismiss the complaint and for default judgment pursuant to Rules 37(d) and 41(b) for Plaintiff's continued failure to respond to Defendant's discovery requests. Defendant's motion was heard by the trial court on 8 January 2009. The trial court ordered Plaintiff to file answers to all requests for discovery and documents by 12 January 2009. Plaintiff filed answers to interrogatories and a response to the request for production of documents on 12 January 2009.
On 2 March 2009, Defendant filed a motion in limine seeking to preclude the admission of certain evidence at trial. The matter was called for trial on 20 April 2009. On 21 April 2009, following the presentation of evidence for both parties, the trial court directed a verdict in Plaintiff's favor. The issue of damages was submitted to the jury, and the jury returned a verdict in favor of Plaintiff in the amount of $1,000. Defendant timely appealed.

II. Factual Background
Plaintiff and Defendant have been neighbors for many years,[1] owning adjacent properties on Bullock Street in Henderson, North Carolina. Plaintiff operated a tax service out of his home and wanted to provide sufficient access for his clients' vehicles. Thus, around 1989 or 1990, Plaintiff paved a driveway for his home. Plaintiff testified that while he thought the driveway was poured on his property, he never had a survey of his property completed.
On 17 February 2004, Plaintiff and Defendant entered into an agreement which provides as follows:
THE SIGNATURES BELOW ON THIS DOCUMENT BEGIN AN AGREEMENT. THE PARTIES TO THIS AGREEMENT ARE FRANK BULLOCK III OF 135 [SOUTH] BULLOCK STREET AND HIS SURVIVORS AND HORACE BULLOCK OF 129 [SOUTH] BULLOCK STREET AND HIS SURVIVORS.
THE AGREEMENT GRANTS INDEFINITE AND UNINTERRUPTED USE OF THE PORTION OF LAND OWNED BY FRANK BULLOCK III THAT COMPOSES HORACE BULLOCK[`S] DRIVEWAY.
HORACE BULLOCK AGREES TO PAY FRANK BULLOCK III 500.00 DOLLARS FOR USE PRIOR TO DATE OF SIGNATURE.
ADDITIONALLY HORACE BULLOCK AND HIS SURVIVORS HA[VE] AGREED TO PAY 100.00 DOLLARS EVERY JANUARY, ANNUALLY TO FRANK BULLOCK III AND HIS SURVIVORS FOR INDEFINITE AND UNINTERRUPTED USE OF AFOREMENTIONED LAND.
Both parties signed the agreement and the agreement was recorded on 19 February 2004 in Book 1034 on Page 848 of the Vance County Registry. Defendant accepted payments from Plaintiff on a yearly basis through 2007.
On 14 March 2007, Plaintiff exited his house and observed Defendant hacking a hole in his driveway with a sledge hammer. When Plaintiff confronted Defendant about his actions, Defendant replied, "[W]ell, sue me." Plaintiff went to the Vance County Magistrate's Office, and the Magistrate advised Plaintiff to procure a warrant for damage to real property. Plaintiff procured the warrant and returned home. Approximately 20 to 30 minutes later, Defendant was arrested on the charge of injury to real property. A hole approximately 15 inches long, 24 inches wide, and six inches deep was left in the front portion of Plaintiff's driveway. Plaintiff testified that the hole affected his ability to enter the driveway, as did stakes placed alongside the driveway by Defendant.

III. Discussion
Defendant first argues that the trial court erred by failing to dismiss Plaintiff's complaint and grant default judgment in favor of Defendant on his counterclaims due to Plaintiff's "egregious and prejudicial" discovery abuses.
Rule 37 of the North Carolina Rules of Civil Procedure authorizes a trial judge to impose sanctions, including dismissal, upon a party for discovery violations. See N.C. Gen. Stat. § 1A-1, Rule 37 (2007). "[T]he trial judge has broad discretion in imposing sanctions to compel discovery under Rule 37." F. E. Davis Plumbing Co. v. Ingleside West Assocs., 37 N.C. App. 149, 153, 245 S.E.2d 555, 557, cert. denied, 295 N.C. 648, 248 S.E.2d 250 (1978). However, a trial judge must consider less severe sanctions before dismissing a complaint under subsection (d) of Rule 37. Goss v. Battle, 111 N.C. App. 173, 177, 432 S.E.2d 156, 159 (1993).
In this case, Defendant served interrogatories and a request for production of documents on Plaintiff on 4 December 2007 and 20 February 2008. On 3 July 2008, Defendant filed a motion for summary judgment and/or dismissal for Plaintiff's failure to respond to Defendant's discovery requests. Defendant's motion was heard on 15 September 2008 and the trial court denied the motion on that date. Plaintiff's counsel indicated that responses to Defendant's discovery requests would be served "by September 30."
On 31 October 2008, Defendant filed a motion to dismiss and for default judgment for Plaintiff's continued failure to respond to discovery. This motion was never heard or ruled on by the trial court. On 9 December 2008, Defendant moved again to dismiss the complaint and for default judgment for Plaintiff's continued failure to respond to Defendant's discovery requests. Defendant's motion was heard by the trial court on 8 January 2009. The trial court ordered Plaintiff to file answers to all requests for discovery and documents with the court by 12 January 2009. The trial court further ordered that "Plaintiff is not to object to any portion of said interrogatories," and that if documents existed related to the discovery requests, "and those documents are not provided[,] then the Plaintiff shall not have an opportunity to present those documents" at the trial of the matter. Plaintiff filed answers to the interrogatories and a response to the request for production of documents on 12 January 2009.
In essence, Defendant argues that the trial court should have dismissed Plaintiff's claim instead of ordering Plaintiff to respond to discovery by 12 January 2009. However, entering an order directing Plaintiff to comply with discovery is a sanction enumerated in N.C. Gen. Stat. § 1A-1, Rule 37(a)(2), and the trial court must consider less severe sanctions before dismissing a complaint. Battle, 111 N.C. App. at 177, 432 S.E.2d at 159. Moreover, the temporal relationship between the date of trial and the discovery abuse is one factor the trial court may consider when determining sanctions for a party's failure to comply with discovery. Roane-Barker v. Southeastern Hosp. Supply Corp., 99 N.C. App. 30, 37, 392 S.E.2d 663, 668, (1990), disc. review denied, 328 N.C. 93, 402 S.E.2d 418 (1991).
Here, the trial court ordered Plaintiff to produce discovery responses by 12 January 2009, Plaintiff complied, the case was not tried until more than three months later, and the record contains no evidence that Defendant filed a further motion to compel after receiving Plaintiff's discovery responses. As the trial court has broad discretion in imposing sanctions to compel discovery under Rule 37, we cannot conclude under these circumstances that the trial court abused its discretion by imposing a less severe discovery sanction than dismissing Plaintiff's claim and granting default judgment in favor of Defendant for Plaintiff's discovery violations. The assignments of error upon which this argument is based are overruled.
By his second argument, Defendant contends that the trial court erred in directing a verdict in favor of Plaintiff on Plaintiff's breach of contract claim.[2] We disagree.
A party may move for a directed verdict at the close of the opposing party's evidence. N.C. Gen. Stat. § 1A-1, Rule 50(a) (2007). The purpose of a motion for a directed verdict is to test the legal sufficiency of the evidence to take the case to the jury and to support a verdict for the non-moving party. Id.; Wallace v. Evans, 60 N.C. App. 145, 146, 298 S.E.2d 193, 194 (1982). "In passing upon the motion, the court must consider the evidence in the light most favorable to the non-moving party, taking all evidence which tends to support his position as true, resolving all contradictions, conflicts and inconsistencies in his favor and giving him the benefit of all reasonable inferences." Eatman v. Bunn, 72 N.C. App. 504, 506, 325 S.E.2d 50, 51-52 (1985). A motion for a directed verdict may be granted only if the evidence is insufficient, as a matter of law, to support a verdict for the non-moving party. Id. at 506, 325 S.E.2d at 52.
"The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000).
In this case, the agreement grants Plaintiff "INDEFINITE AND UNINTERRUPTED USE OF THE PORTION OF LAND OWNED BY FRANK BULLOCK III THAT COMPOSES HORACE BULLOCK[`S] DRIVEWAY." The agreement further provides that Plaintiff and his survivors have "AGREED TO PAY 100.00 DOLLARS EVERY JANUARY, ANNUALLY TO FRANK BULLOCK III AND HIS SURVIVORS FOR INDEFINITE AND UNINTERRUPTED USE OF AFOREMENTIONED LAND."
Defendant argues that the hole Defendant hacked in Plaintiff's driveway did not interfere with Plaintiff's "use" of the land since Plaintiff was still able to utilize the remaining portion of the driveway for its intended purpose. Defendant's argument is without merit.
The agreement grants Plaintiff "INDEFINITE AND UNINTERRUPTED USE" of all of Defendant's land upon which Plaintiff's driveway is situated. By hacking a hole in Plaintiff's driveway, Defendant has "interrupted" Plaintiff's ability to "use" the destroyed portion of the driveway, and the land upon which the destroyed portion of the driveway sits, for its intended use. The fact that Plaintiff may be able to maneuver a car around the hole in his driveway and, thus, continue to park a car in the driveway, does not alter the fact that Defendant's actions constitute a breach of contract. Defendant's argument is overruled.
By his third and fifth arguments, Defendant contends that the trial court erred in directing a verdict in Plaintiff's favor when there was sufficient evidence to create a jury question on Defendant's contributory negligence defense and Defendant's counterclaims. Again, we disagree.
Defendant alleged in his answer that Plaintiff was contributorily negligent[3] and asserted counterclaims for (1) false arrest; (2) malicious prosecution; (3) abuse of process; (4) and intentional/negligent infliction of emotional distress.
We note initially that Defendant has failed to argue in his brief to this Court that there was sufficient evidence to create a jury question on Defendant's counterclaims for false arrest, abuse of process, and intentional or negligent infliction of emotional distress. Therefore, those arguments are deemed abandoned. N.C. R. App. P. 28(a) ("[I]ssues not presented and discussed in a party's brief are deemed abandoned.").

A. Contributory Negligence
Contributory negligence constitutes an affirmative defense to an allegation of negligence. Adams v. Mills, 312 N.C. 181, 187, 322 S.E.2d 164, 168 (1984). Consequently, there must be an underlying allegation of negligence against a defendant for contributory negligence to be a defense.
In this case, Plaintiff brought a breach of contract action against Defendant. As contributory negligence is not a defense to a breach of contract action, the trial court did not err in not submitting the issue of Plaintiff's contributory negligence to the jury.
Defendant further asserts that the damages awarded bore no relevance to the complaint. Specifically, Defendant argues that he "was under no obligation to provide [P]laintiff a paved driveway" and that, at most, Plaintiff was entitled to recover "the cost of the dirt and gravel necessary to fill the hole."[4] However, Defendant failed to assign as error the amount of damages awarded. The damages award, therefore, is not before this Court for review. N.C. R. App. P. 10(a).[5]

B. Malicious Prosecution
To establish a claim for malicious prosecution, a plaintiff[6] must prove the following: (1) that the defendant instituted or procured the institution of a criminal prosecution against him; (2) that the prosecution was without probable cause; (3) that it was with malice; and (4) that it has terminated in favor of the plaintiff. Mooney v. Mull, 216 N.C. 410, 411, 5 S.E.2d 122, 123 (1939). In cases of malicious prosecution, probable cause has been defined as "the existence of such facts and circumstances, known to him at the time, as would induce a reasonable man to commence a prosecution." Cook v. Lanier, 267 N.C. 166, 170, 147 S.E.2d 910, 914 (1966) (citation and quotation marks omitted).
In the present case, a warrant for Defendant's arrest was issued for willful and wanton injury to real property in violation of N.C. Gen. Stat. § 14-127. Pursuant to that statute, "[i]f any person shall willfully and wantonly damage, injure or destroy any real property whatsoever, either of a public or private nature, he shall be guilty of a Class 1 misdemeanor." N.C. Gen. Stat. § 14-127 (2007). In this case, the evidence tended to show that on 17 February 2004, Plaintiff and Defendant entered into an agreement in which Defendant granted Plaintiff "INDEFINITE AND UNINTERRUPTED USE OF THE PORTION OF LAND OWNED BY FRANK BULLOCK III THAT COMPOSES HORACE BULLOCK[`S] DRIVEWAY." On 14 March 2007, Plaintiff exited his house and observed Defendant hacking a hole in Plaintiff's driveway with a sledge hammer. When Plaintiff confronted Defendant, Defendant replied, "[W]ell, sue me." Defendant created a hole approximately 15 inches long, 24 inches wide, and 6 inches deep in the front portion of Plaintiff's driveway. We conclude that these facts and circumstances "would induce a reasonable man to commence a prosecution" for willful and wanton injury to real property. Lanier, 267 N.C. at 170, 147 S.E.2d at 914 (citation and quotation marks omitted).
Defendant argues, however, that Plaintiff "misrepresented the facts to the magistrate in order to effect the [D]efendant's arrest[.]" Specifically, Defendant contends that the cement which composes Plaintiff's driveway is personal property, not real property, and thus, Plaintiff had Defendant wrongfully arrested "for `injury to real property' as opposed to `injury to personal property.'" (Footnote omitted). However, real property is "[l]and and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land." Black's Law Dictionary 1254 (8th ed. 2004). As Plaintiff's driveway is attached to the land beneath it and cannot be severed from the land without injuring it, Plaintiff's driveway is real property, and Plaintiff did not misrepresent the facts to the magistrate in order to wrongfully effect Defendant's arrest.
Moreover, in order to have a cause of action for malicious prosecution, a fortiori such prosecution must have been instituted with malice. Mooney, 216 N.C. at 411, 5 S.E.2d at 123. "The word malice, as it is used in defining malicious prosecution, means a wrongful act intentionally done, not necessarily ill-will, anger or revenge; and the prosecution of an action for any purpose other than that of bringing the party to justice is evidence of a malicious motive." Stancill v. Underwood, 188 N.C. 475, 478, 124 S.E. 845, 847 (1924).
In this case, there is no evidence that Plaintiff initiated criminal proceedings against Defendant for any purpose other than to stop Defendant from further destroying the driveway, to compel Defendant to fix the damage caused by his actions, and to enjoin Defendant from impeding Plaintiff's future use of his driveway. Accordingly, there is no evidence that Plaintiff instituted criminal proceedings with malice.
As Defendant failed to offer sufficient evidence to support his malicious prosecution counterclaim, the trial court did not err by not submitting this issue to the jury for consideration.
Finally, Defendant argues that Judge Hight's order directing a verdict in Plaintiff's favor "improperly overruled and/or reversed Judge [Paul C.] Ridgeway's order denying summary judgment to Defendant." However, Defendant failed to assign this issue as error; therefore, it is not properly before this Court for review. N.C. R. App. P. 10(a).[7]
The order of the trial court is affirmed.
AFFIRMED.
Chief Judge MARTIN and Judge WYNN concur.
Report per Rule 30(e).
NOTES
[1] Although they have the same last name, Plaintiff and Defendant are not related to each other.
[2] Defendant also contends that the trial court erred in "granting a declaratory judgment construing the terms of the agreement as binding forever upon the Defendant[.]" However, the trial court made no ruling regarding the expiration of the terms of the agreement. The trial court allowed Plaintiff's motion for a directed verdict "relating to the validity of the contract entered into between the Plaintiff and the Defendant . . . and restraining the Defendant from in any way interfering with the Plaintiff's use of the driveway which is the subject of said agreement[.]" Accordingly, we do not address Defendant's argument in this respect.
[3] Defendant alleged contributory negligence on Plaintiff's part for Plaintiff's "failure to seek [D]efendant's permission before pouring cement over [D]efendant's property . . . while [D]efendant was away[.]"
[4] Defendant testified that he had purchased material to refill the area he was chipping out but was arrested before he could finish.
[5] Although assignments of error are no longer required by the North Carolina Rules of Appellate Procedure, this rule change only applies to cases appealed on or after 1 October 2009.
[6] Defendant is the plaintiff for the purpose of his counterclaim and Plaintiff is the defendant.
[7] Although assignments of error are no longer required by the North Carolina Rules of Appellate Procedure, this rule change only applies to cases appealed on or after 1 October 2009.